# DANIEL NEAL

*v.*

# ISRAEL BLANCHARD *et ux.*

1. COSTS OF SUCCESSFUL PARTY — *by what process collected.* A fee bill cannot issue against the unsuccessful party in a suit for the costs made by the successful party, and for which the latter has obtained a judgment. An execution is the proper process to issue for that purpose.

2. FEE BILL — *for what costs it may be issued.* The costs, however, which the unsuccessful party himself has made, may be collected from him by a fee bill.

3. VOID PROCESS — *proceedings under it void.* If a fee bill should be improperly issued against the unsuccessful party for costs made by the successful party, and a sale of land had under the process, the fee bill being void, the sale made under it is also void.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. ISHAM N. HAYNIE, an attorney of said court, presiding as judge, by agreement of the parties, in place of the Hon. A. M. JENKINS, the judge of that court.

This was an action of ejectment, instituted in the court below, by Israel Blanchard and his wife against Daniel Neal, for the recovery of lots numbered one and eight, in block number twelve, in the town of Murphysboro', in Jackson county.

The plaintiffs, Blanchard and wife, deduced title to the premises from the United States, through several intermediate owners, among them one John Logan, under whom they claimed immediately, in right of the wife, as heirs-at-law of said Logan, then deceased.

The defendant endeavored to defeat the title thus made out by the plaintiffs, by setting up title in himself to one-half of the premises in question, the title to the other half being outstanding in a third party, which he claimed to have been derived in this way: It seems, some time prior to the death of Logan, a suit was pending in the Circuit Court of Jackson county, wherein Brush and Hanson were plaintiffs, and said John Logan was defendant. At a certain term, Logan, the defendant therein,

obtained a continuance of that cause at his costs, for which the plaintiffs, Brush and Hanson, recovered a judgment against him. Subsequently, the clerk of that court issued a fee bill against Logan upon that judgment for costs, for their collection. This process came to the hands of an officer, who, under color thereof, levied upon the lots in question, and sold them to Brush and Hanson, who finally obtained a sheriff's deed therefor. Brush executed a deed, purporting to convey an undivided one-half of the premises to the defendant, and this was the title he attempted to set up. But the court below refused to admit in evidence any of the matters relied upon by the defendant in support of his claim of title, to which he excepted. Thereupon the jury returned a verdict for the plaintiff. The court denied a motion for a new trial, and rendered a judgment in pursuance of the finding of the jury. The defendant brings the case here upon writ of error. The only question presented is, as to the validity of the fee bill issued upon the judgment for costs against Logan, and of the sale made under color of that process, and, also, of the sheriff's deed to Brush and Hanson.

Messrs. J. H. MULKEY and GEORGE W. WALL, for the plaintiff in error.

Mr. W. C. GOUDY, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the court:

This case depends on one single point, and it is this. The fee bill issued in the case on which the lots were sold was for the plaintiff's costs for which he had obtained a judgment, and an award of execution in the Circuit Court, against the defendant. The statute is plain on this subject, and an execution should have issued. That was the process required. Had the fee bill been issued for the costs made by the defendant, it would have been regular. Scates' Comp. 266, § 40.

The fee bill was void, and the sale under it, consequently void. It is not like the cases cited by the counsel for the plaintiff in error. In those cases the process was not void but voidable

only and subject to amendment. Being void, it was properly excluded from the jury. We perceive no reason for reversing the judgment, and therefore affirm the same.

*Judgment affirmed.*