# DANIEL P. SMITH, Exr.

## *v.*

# P. S. McLAUGHLIN *et al.*

1. ADMINISTRATION—*expenses of post mortem examination not chargeable to an estate.* The charges of a physician for a *post mortem* examination, made on a coroner's inquest, is not a proper claim against the estate of the deceased.

2. FEES AND COSTS—*not allowed unless given by statute.* Fees or costs can not be allowed or recovered unless they are fixed and given by statute.

3. SAME—*on coroner's inquest.* The statute provides for the fees of a coroner for holding an inquest, and declares that they shall be paid out of the county treasury, unless they can be collected out of the estate of the deceased, but makes no provision for the payment of witness fees in such a case.

4. SAME—*amount fixed by statute must govern.* If the statute has fixed the fees to be charged for a particular service, the party rendering the services will be confined to the statutory fee, and can not recover on a *quantum meruit.*

APPEAL from the Circuit Court of Jasper county; the Hon. JAMES C. ALLEN, Judge, presiding.

This was a claim filed by P. S. McLaughlin, and J. H. Maxwell, against the estate of John M. Bennett, deceased. The opinion of the court states the nature and facts of the case.

Mr. S. W. WISHARD, and Mr. J. M. HONEY, for the appellant.

Messrs. BROWN & GIBSON, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellees are practicing physicians, and were subpœnaed by the coroner, to attend and make a *post mortem* examination on the body of John M. Bennett, appellant's testator. They appeared, rendered the services required,

and presented a claim in the probate court, against the estate of Bennett, for payment for the services rendered. On a trial in that court, there was allowed to them the sum of $50. An appeal was prosecuted to the circuit court, where a trial was had before the court, without a jury, by consent of parties. The court found for them the same amount, and rendered judgment therefor, and the case is brought to this court by appeal.

It is urged that there is no law for allowing pay for such services against an estate; that fees for such services have not been fixed by statute, nor has such a charge been imposed on an estate. It is not a debt or claim incurred by testator in his lifetime, nor is it a necessary or even a proper part of the funeral expenses of deceased. The policy which dictates such examinations, is in the interest of science, or in the enforcement of our criminal laws. When made for scientific purposes, there can be no pretense that the expense attending it should be imposed upon the estate. Why require the creditors or distributees to bear the burthen for such a purpose? In such a case, it is of interest, if not of benefit, to scientific men of the medical profession, but not to the creditors or distributees of an estate.

When deemed important in administering justice under the criminal code, such an examination is for the benefit of the general public, and we fail to see that it concerns the creditors, or in fact heirs, distributees or legatees, more than other members of the community at large. All have an equal interest in the enforcement of our criminal laws, thus affording protection to every member of society; and the law has, for the purpose of good government, imposed duties on officers and individuals, for which compensation is not made for such services. Thus, witnesses in criminal cases receive no compensation for attending such a trial in their county, unless there is a conviction, and the costs are collected of the accused. Numerous instances might be referred to of a similar nature, were it deemed necessary.

It may be safely asserted as a legal proposition, that fees or costs can not be allowed or recovered, unless fixed by law. The 26th section of the chapter entitled " Fees and Salaries." it is true, provides for the fees of the coroner, and declares that they shall be paid out of the county treasury unless they can be collected out of the estate of the deceased. But it only relates to coroner's fees, and not to those of witnesses, and hence, can have no application. We fail to find that any provision has been made for attending an inquest before the coroner. They seem to be left out of the witness' fee bill. But even if they were not, and provision had been made for their payment, the sum thus fixed would have to control. A witness or officer of the law has no legal right to recover on a *quantum meruit* for services rendered under the requirements of the law. For such services, he is limited to the fee or. compensation fixed by the statute.

If appellees were correct in assuming that they were entitled to fees, it would be only for the sum which the statute allows other witnesses to receive. But we have seen that no such fees have been fixed by the statute, and none can be recovered; certainly not against the estate of appellant's testator.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*