JAIRUS C. SHELDON

*v.*

CHARLES H. VAN VLECK *et al.*

*Filed at Springfield March 26, 1884.*

1. COSTS—*under what process to be collected—whether by fee-bill or upon execution.* Where final judgment is rendered in favor of the defendant for his costs, they can be collected of the plaintiff only by execution. In such a case a fee-bill issued against the plaintiff, for both his and the defendant's costs, is void, and no valid sale of property can be made under it.

2. A fee-bill containing in fact, as appears on its face, the costs, only, of the party against whom it is issued, is a legal process, and a levy upon and sale of land of the party under it will pass the title, when followed by a sheriff's deed. The mere omission of the clerk to state in the fee-bill that it contains only the costs of the party against whom it is issued, does not render it invalid, when it distinctly appears on the face. of the writ that no other costs are included.

3. SAME—*within what time a fee-bill may be issued.* A fee-bill against a party for his costs, issued after a lapse of more than one year from the last day of the term of court at which the party's suit was dismissed, no other one having been issued, if within eleven years is not invalid, and the party's property may be sold under it.

4. By the statute in force ever since 1859, the clerk, on proper application, may, at any time within eleven years after the accruing of the right thereto, issue a fee-bill, which will have the same force and effect as if issued within the year next succeeding.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

This was an action of ejectment, brought by Jairus C. Sheldon, against Charles H. Van Vleck and Frank Van Vleck, in the circuit court of Champaign county, to recover a tract of land consisting of forty acres. The court, to which the cause was submitted for trial, without the intervention of a jury, found the issues for defendants, and rendered final judgment against plaintiff. To reverse that judgment, plaintiff brings the case to this court, on appeal.

Mr. J. O. CUNNINGHAM, for the appellant:

It was claimed by the defendants below, upon the authority of *Eads* v. *Couse*, 35 Ill. 534, and of *Neal* v. *Blanchard*, 32 id. 503, that both the fee-bills issued by the clerk against Hays were void writs, and hence no title passed under the sales and deed. This objection to plaintiff's title was sustained by the court, and is really the only point in the case. If those writs, or either of them, were the proper writs by which to collect the costs, then the plaintiff should recover the land, otherwise he should fail. The force and effect of those writs must be determined by the law in force in this State during the years 1866 and 1867, governing such cases. Gross' Stat. sec. 51, p. 512. See, also, Gross' Stat. sec. 9, p. 290.

A fee-bill may be issued against a party to collect the costs due from him to the officers of the court, without regard to the result of the suit; but the clerk has no authority to issue that kind of process to enforce a final judgment. *Eads* v. *Couse*, 35 Ill. 534; *Reddick* v. *Cloud*, 2 Gilm. 670; *Newkirk* v. *Chapron*, 17 Ill. 344; *Wickliff* v. *Robinson*, 18 id. 145.

The provision of the statute as to the entry of costs in his fee-book is directory. *Eaton* v. *Graham*, 11 Ill. 619; *Webster* v. *French*, 12 id. 302; *Kane* v. *Footh*, 70 id. 587; *Fowler* v. *Pirkins*, 77 id. 271; *Whalin* v. *City of Macomb*, 76 id. 49.

The writ will protect a purchaser's title, except where there is a want of jurisdiction. The purchaser under a fee-bill is not to be affected by any errors in the clerk's entries. The writ, at most, was only voidable in a direct proceeding for that purpose, in apt time, and not void, as held by the circuit court. These principles are held and well elucidated in *Rigg* v. *Cook*, 4 Gilm. 336; *Durham et al.* v. *Heaton*, 28 Ill. 264; *Conover* v. *Musgrave*, 68 id. 58; *Jackson* v. *Spink*, 59 id. 404; *Osgood* v. *Blackmore*, id. 261; *Hernandez* v. *Drake*, 81 id. 34; *Phillips et al.* v. *Coffee*, 17 id. 156; *Swiggert* v. *Harbor et al.* 4 Scam. 364.

454        SHELDON v. VAN VLECK et al.        [March

Brief for the Appellees.    Opinion of the Court.

Mr. FRANCIS M. WRIGHT, for the appellees:

It is conceded that the fee-bill in the case of *Kelley* v. *Hays*, and the sale under it, are void, under the authority of *Eads* v. *Couse*, 35 Ill. 534, and *Neal* v. *Blanchard*, 32 id. 503. No distinction can be made between the character of the two pretended processes.   The one in the *Kelley case* is a fee-bill, and on its face is professedly for the costs of both parties; the other, in the *Rittenhouse case*, is also a fee-bill, so indefinite and uncertain that it is impossible to know for what or whose costs it was issued,—and under the authority of the two cases last cited, both processes were and are void.   The court can not presume, as contended, that the costs specified in the fee-bill in the *Rittenhouse case* were the costs of the plaintiff. A party seeking to establish title to real estate, especially under the circumstances of the plaintiff in this case, ought to be required to affirmatively show everything necessary to establish his claim.

The Rittenhouse fee-bill was not issued within a year, and hence it was no lien on the land.·  To preserve the lien of a judgment, execution must issue thereon within a year.   *Riggin* v. *Mulligan*, 4 Gilm. 50; *Tenney* v. *Hemenway*, 53 Ill. 97; *Scammon* v. *Swartwout*, 35 id. 326.

The doctrine of the cases hereinbefore cited has been announced and re-affirmed in numerous other cases by this court,—notably in *Gridley* v. *Watson*, 53 Ill. 186; *James* v. *Wortham*, 88 id. 72; *Conwell* v. *Watkins*, 71 id. 488; *Harris* v. *Cornell*, 80 id. 54; *Weis* v. *Tiernan*, 91 id. 27; *Kirk* v. *Vonberg*, 35 id. 440; *Ewing* v. *Ainsworth*, 53 id. 464; *Fitts* v. *Davis*, 42 id. 391.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Both parties claim the title to the land involved in this litigation that was in Otho Hays.   Through *mesne* conveyances the title that was in him came to defendants, and is

the paramount title, unless it has been cut off by sales under
two fee-bills that came to the hands of the sheriff making
the sales, from the circuit court, by which he was commanded
to sell the property of Otho Hays in satisfaction of such fee-
bills.  After the fee-bills came to the hands of the sheriff, he
caused both of them to be levied on the tract of land in con-
troversy, and on the 30th day of November, 1867, by virtue
of such·levies, he sold the property on each fee-bill, sepa-
rately, to J. H. Woodmansee, and issued to him two separate
certificates of purchase.  It seems the purchaser afterwards
assigned his certificates to plaintiff, and the property not
having been redeemed from either sale, the sheriff made
plaintiff a deed for the land.  It is that title plaintiff insists
is the paramount title, and should prevail.

It is clear the fee-bill issued in the case of *Hays* v. *Kelley*
is void, under the decisions of this court in *Neal* v. *Blanchard*,
32 Ill. 503, and *Eads* v. *Couse*, 35 id. 534.  It was issued for
the costs of both plaintiff and defendant in that case.  The
clerk had no authority to issue a fee-bill for the collection
from Hays of the costs made by Kelley.  There was final
judgment for costs in favor of Kelley, and in such cases exe-
cution is the proper and only process by which a judgment
for costs can be collected.  On inspection, it is seen the fee-
bill in the case of *Hays* v. *Kelley* is void on its face.  Being
void, there could be no sale of the property under it, and in
the further consideration of the case it will be treated as
though there had been but one sale of the property, and that
under the fee-bill in *Hays* v. *Rittenhouse*.  Is the fee-bill in
that case void?  Nothing appears on the face of it to show
that it is.  It does not appear it is for anything but for the
collection of the costs made by plaintiff in that suit, and the
rule is well settled a fee-bill may issue against a party to col-
lect costs due from him to the officers rendering the services.
It is said the clerk has not indicated by anything on the face
of the fee-bill it is for nothing other than for the collec-

tion of costs owing by the party against whom it is issued, to the officers. That is so; but it does appear, on inspection of the writ itself, only costs made by plaintiff are included in the fee-bill issued against him. There are no costs included for the appearance of defendant, or otherwise made by him. The mere omission of the clerk to state on the fee-bill it only contains the costs of the party against whom it is issued, does not render it invalid, when it distinctly appears on the face of the writ no other costs are included. Could resort be had to extrinsic evidence given, or offered to be given, and objected to by defendants, it would appear there was no appearance by Kelley, or any one for him, and consequently no costs made by him. But disregarding all extrinsic evidence, as, perhaps, ought to be done, it does not appear on the face of the fee-bill, or otherwise, that it is void. It appears only to contain costs owing to the officers by the party against whom it is issued, and that is allowable. That being so, it was valid process, upon which the property might lawfully be sold, as was done.

Another point made against the validity of plaintiff's bill is, that the fee-bill in *Hays* v. *Rittenhouse*, on which the property was in fact sold, was not issued until after the lapse of more than one year from the last day of the term of court at which the suit was dismissed at plaintiff's costs, and as it does not appear that any other process had ever been issued for the collection of such costs, it is said the writ was no lien upon the property in the hands of a subsequent purchaser. The act of 1859, which has been in force from that date until the present time, provides, the clerk, on proper application, may, at any time within eleven years after the accruing of the right to issue the same, issue a fee-bill, which shall have the same force and effect as if issued within the year next succeeding. (Rev. Stat. 1874, p. 265.) The fee-bill in this case was issued on the 13th day of September, 1867, and came to the hands of the sheriff on the same day, and the

property was not conveyed by the party owing the costs until December 1, 1871, so that when the fee-bill was levied on the land, and it was sold by the sheriff, it was still the property of the party owing the costs, and was subject to sale in satisfaction of the same.

No unreasonable time was permitted to elapse after the sheriff's sale before taking out the deed by the assignee of the purchaser, and the point made against it on that account is untenable.

The judgment of the circuit court will be reversed, and the cause remanded.

*Judgment reversed.*