## J. N. Dixon v. The People.

1. CONTEMPT OF COURT—*Physicians as Expert Witnesses—Demand of Fees.*—A physician called as an expert witness in a case about the facts of which he knows nothing, can not insist upon the payment of a fee for his opinion before answering a hypothetical question propounded to him, calling for his professional opinion upon the assumed state of facts contained in the question.

Contempt of Court.—Error to the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 21, 1895.

CONKLING & GROUT, attorneys for plaintiff in error, contended that, in a civil suit for damages, a physician, who knows nothing of the facts, and who is called as an expert only, to answer a hypothetical question, the answer to which calls for a professional opinion based on his experience and study, and who refuses to answer because no compensation for testifying, other than ordinary witness fees, has been promised or provided for, but which has been expressly refused, can not be compelled to so testify, nor should he be held to be in contempt of court for so refusing.

Expert evidence is that given by one specially learned, skilled or experienced in the subject to which it is applicable, concerning information beyond the range of ordinary knowledge, observation and experience. Am. and Eng. Ency. of Law, Vol. 7, p. 491; Rogers on Expert Testimony, p. 13; Hopkins v. Indianapolis & St. Louis R. R. Co., 78 Ill. 32; C. & N. W. Ry. Co. v. Adams, 108 Ill. 577; Hamilton v. Des Moines R. R. Co., 36 Iowa 31; Muldoway v. Des Moines R. R. Co., 36 Iowa 702; Citizens Gas Light & Heating Co. v. O'Brien, 15 Ill. App. 400.

The ordinary affairs of life, or such as men in general are capable of comprehending and understanding, can not be subject of expert testimony. Pennsylvania Co. v. Conlan, 101 Ill. 93; Am. and Eng. Ency. Law, *supra;* Linn v. Sigsbee, 67 Ill. 75; Hopkins v. Indianapolis & St. Louis R. R. Co., 78 Ill. 32; Rice on Evidence, Vol. 1, Chap. 10, Sec. 195.

An expert is one who has made the subject upon which he gives his opinion a matter of particular study, practice or observation, and he must have a particular and special skill, experience or knowledge of the subject. 7 Am. and Eng. Ency. Law, 491; 1 Rice on Evidence, Chap. 9, Sec. 194; Anderson's Law Dictionary; Reynolds on the Theory of the Law of Evidence, Sec. 52, citing Stephen's Evidence, Art. 49; Best's Evidence, Sec. 513.

The weight of authority is that an expert can not be com-

pelled to give a professional opinion without compensation. Anderson's Law Dictionary.

It has been a matter of grave discussion whether an expert is bound to testify on matters of *opinion* without extra compensation, the weight of decisions being that he is not bound to do so. Bouvier's Law Dictionary.

The English practice is now settled that extra compensation to scientific witnesses may be taxed. Lawson on Expert Evidence, citing Batley v. Kynock, L. R., 20 Eq. Cas. 632 (1875); In re Laffitte, 20 Eq. Cas. 650 (1875).

JAMES M. GRAHAM, state's attorney, for defendant in error.

Contempt of court is a disobedience to the rules or orders of the court which interferes with the due administration of the law. 3 Am. & Eng. Ency. 777.

A court of record has power to punish, for contempt, a witness who refuses to answer a question determined by the court to be proper. Such power is necessarily implied in the establishment of a judicial tribunal. Whar. Cr. Ev., Sec. 450; Bish. Stat. Cr. (2d Ed.) 137.

And the exercise of this power is entirely in the discretion of the court, and will not be re-examined except when the proceedings are so grossly defective as to be void. 3 Am. & Eng. Ency. 800.

The presumption is in favor of the validity of the court's action. If an expert claims that he is exempt from the general rule concerning witnesses the burden is on him to establish the exception. Rogers' Expert Ev., 427 (2d Ed.).

At common law no witness fees were paid, and in the absence of a statute authorizing it, no fees can now be taxed as costs or recovered. Fish v. Farwell, 33 Ill. App. 244; 1 Gill. 165; Constant v. Matteson, 22 Ill. 560; Eimer v. Eimer, 47 Ill. 375; Smith v. McLaughlin, 77 Ill. 597; In re Attorney-General, 103 Mass. 542; Com'rs, etc., v. Lorimer County, 32 Pac. Rep. 841. And statutes allowing costs, being in derogation of the common law, must be strictly construed. 23 Am. & Eng. Ency. 387; Cadwallader v. Harris, 76 Ill. 370.

Until the matter is settled by statute the practice which has hitherto prevailed in Illinois must continue, as "no principle is better established than that all merely private interests are subordinate to the public welfare." Metcalf v. City Co., 87 Ill. 318.

OPINION PER CURIAM.

The appellant, a physician and surgeon, was brought into the Circuit Court of Sangamon County by the ordinary process of subpœna to testify as a witness in behalf of the defendant in a case then pending against the city of Springfield, brought to recover damages for personal injuries, which the plaintiff alleged she had received from a fall upon a defective sidewalk.

The appellant knew nothing whatever of the facts of the case, and he declined to answer a hypothetical question propounded to him calling for his professional opinion upon the assumed state of facts mentioned in the question, except upon the payment of a fee of $10.

He persisted in such refusal, and the court ruled he was in contempt and assessed a fine against him.

It is conceded the fee demanded was reasonable in amount and no question is raised in the brief as to the power of the court to inflict a fine as punishment for contempt in refusing to answer any question which the law required the witness to answer, and therefore the sole question presented is, could the appellant, under the circumstances, lawfully decline to give his professional opinion without reasonable compensation ?

As far as we are advised, the question has never been directly passed upon in Illinois.

Nor can any rule be drawn from the current of judicial decisions in other jurisdictions, or from a concurrence in the views of text writers, so widely at variance and so directly in conflict are the opinions of different courts and law writers upon the subject.

It is not contended the reasonable compensation demanded by the appellant could be taxed as costs, but that the party

Dixon v. The People.

desiring his professional opinion should be required to compensate him therefor before the law should compel him to express that opinion for the benefit of such party.

We think the court ruled correctly in holding the law required the witness to answer the question.

The statute has fixed the compensation to be paid all witnesses, and the law requires every person, without regard to his calling or engagements, to appear as a witness when duly subpœnaed and to accept as full compensation the statutory allowance, however inadequate it may be.

The administration of justice in the adjustment of the contentions growing out of the business affairs or concerning mere private, personal or property rights of its citizens, is one of the most important sovereign duties devolving upon the State. Upon the performance thereof depends the public peace and tranquillity, and the safety and security of the property, reputation, person and family of every private citizen. Every citizen is therefore deeply interested in the proper discharge of that duty. It can only be discharged through the medium of judicial tribunals. Without the power to compel witnesses to attend and disclose facts in their knowledge pertinent to these contentions, these tribunals are powerless to perform their functions. No distinction can, we think, be drawn between different kinds of knowledge, nor can a witness decline to make known facts which have come to his knowledge, either by observation or study and experience, upon the ground he can use such facts or knowledge for his pecuniary benefit in the business affairs of life, when the disclosure thereof is important to the attainment of justice in the courts.

No reason is perceived why compensation beyond that fixed by the general laws of this State should be allowed to this class, or to any one class of experts, unless it is allowed to every other class, of which there are many. Some works on expert testimony enumerate as many as seventy classes of expert witnesses.

To hold that each member of these different classes of witnesses may lawfully demand that litigants shall arrange for the payment of reasonable compensation before he can be

compelled to disclose in open court, facts in his knowledge relating to the right and justice of causes there pending for determination, would be impracticable, and would often operate to subject a litigant to financial burdens so great as to practically deny him a hearing in the courts; would tend to make the administration of the law depend upon the financial ability of the suitors to compensate witnesses in order to have the benefits of facts in their knowledge, and to bring such testimony into discredit, as having been purchased, and to attach scandals and grave suspicions to expert witnesses and expert testimony.

Nor does the rule requiring experts to testify for legal fees, deprive the witness of his property for public use.

Knowledge gained by study, observation and experience is not property within the meaning of the word as used in section thirteen, article two of the constitution, wherein it is provided that private property shall not be taken or damaged for public use without just compensation.

The word, in its appropriate sense, means tangible things and rights which accompany or are incident to the use, enjoyment or disposition of such things. See authorities collected in Note 1, page 294, 19th volume Amer. & Eng. Ency. of Law.

In C. W. I. R. R. Co. v. E. C. R. W. Co., 115 Ill. 385, it was said, " property itself, in a legal sense, is nothing more than the exclusive right of possessing, enjoying and disposing of a thing."

The ordinance of 1787 has no operative force in this State, except so far as its principles are embodied in the constitution. The People, etc., v. Thompson, 155 Ill. 451.

The judgment is affirmed.