# CASES

### ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

GEBHARDT W. ZEIGER.

*Opinion filed October 19, 1899.*

| 182 | 9 |
|---|---|
| 94a | ¹327 |
| 182 | 9 |
| 192 | ¹519 |
| 182 | 9 |
| 99a | ⁵422 |
| 182 | 9 |
| 110a | ³161 |

1. STREET RAILWAYS—*person may lawfully drive carriage on tracks.* One may lawfully drive his carriage in the car tracks if he exercises due care not to unduly interfere with the rights of the railway and to avoid a collision, and may recover for an injury received while so driving, and due to the negligence of the railway company.

2. DAMAGES—*expense of procuring competent help during disability is a proper element.* The expense incurred by an injured person to procure competent help in his business to do the work which would have been performed by himself had he not been disabled, is, if pleaded, a proper element of damages.

3. SAME—*when Appellate Court may refuse to set aside verdict.* The Appellate Court, in a suit for personal injuries, may refuse to set aside the verdict as excessive unless the amount justifies an inference that it is the result of partiality, prejudice or passion.

4. INSTRUCTIONS—*when use of word "will" is not mandatory.* An instruction that the jury "will" find a verdict for the plaintiff if he has proved the material allegations of his declaration by a preponderance of the evidence, does not, by the mere use of such word "will," tend to deprive the jury of their freedom of action or invade their province.

5. EXPERT WITNESSES—*physician cannot refuse to testify because not promised extra fees.* A physician subpœnaed and interrogated as an expert witness only, cannot refuse to testify upon the ground that no compensation greater than that allowed to ordinary witnesses has been paid or promised to him.

*North Chicago Street R. R. Co.* v. *Zeiger*, 78 Ill. App. 463, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This is an action by Gebhardt W. Zeiger to recover damages for personal injuries and for expenses to which he was put, together with damages for injuries to property, alleged to have been sustained by him by reason of the negligence of the North Chicago Street Railroad Company.

The declaration alleges that on the 29th day of December, 1894, while the plaintiff was riding with due care in a carriage on North Clark street near Belden avenue in a southerly direction, one of the defendant's cable cars south-bound negligently struck the carriage, thereby overturning it and throwing plaintiff to the ground, causing the injuries complained of and putting him to the expenses alleged.

As appears from the evidence, on the evening in question the plaintiff with two ladies was riding in a carriage drawn by one horse south-bound on Clark street. While doing so the carriage was struck by a train of the defendant. Whether such collision was the result of the negligence of the defendant, while the plaintiff was in the exercise of ordinary care, is the main issue involved. At the trial the jury found a verdict in favor of the plaintiff, and assessed his damages at $5000, and judgment having been entered on the verdict, the defendant took an appeal to the Appellate Court, where the judgment has been affirmed. The present appeal is from such judgment of affirmance.

Egbert Jamieson, and John A. Rose, for appellant.

Lackner, Butz & Miller, for appellee.

Per Curiam: The Appellate Court, in deciding this case, delivered an opinion, which is, in part, as follows:

"The theory of the defendant is that the carriage had cleared the track and was at a safe distance before the train was moved up to and partly passed it, and that, while the train was slowly moving along, the plaintiff's horse became unmanageable and backed or plunged the carriage against the train, whereby the injuries resulted. On the other hand, plaintiff's theory is that before the carriage had fully cleared the track, and while the left hind wheel was still in the track, the car, moving with negligent rapidity, caught the wheel and shoved the carriage around until it was nearly turned about, so as to make it face in a direction nearly opposite to that in which it was going, and finally upset it, thereby occasioning the alleged injuries.

"A studious consideration of the record brings us to the conclusion that the plaintiff's theory is sustained by the preponderance and weight of evidence. The plaintiff had the lawful right to drive his carriage in the car tracks, in the exercise by him of due care to avoid an undue interference with the right of the defendant and to avoid a collision, and while so driving, the law surrounded him with its protection against such a negligent operation by the defendant of its tracks as would inevitably lead to the injury of the plaintiff. (Booth on Street Railways, sec. 316.) Whether the plaintiff was in the exercise of due care, and whether the defendant was guilty of negligence, under the circumstances, were questions of fact for the jury, under the evidence, and having been found against the defendant, with, as we have above said, the weight and preponderance of the evidence on the side of the findings, the verdict ought not to be disturbed.

"It cost the plaintiff $104 to repair the carriage, and the surgeons were paid by him $450, and there was some other small expense, about none of which matters was there dispute. The plaintiff was a wholesale butcher and employed twenty-five men. The first time he was able to drive down to his place of business was April 4 or 5,—a little over three months after the accident,—and it was necessary for him to employ a superintendent for five months from the time of the accident, which he did at a cost of $1000 for salary paid.

"The argument of defendant's counsel against the admissibility of the testimony relative to what the plaintiff paid for a superintendent, and the necessity for employing a superintendent, is based wholly upon the original record filed in this court, and not upon the full record made in the circuit court. By a supplemental record brought here after defendant's brief was filed, there was brought up an additional count to the declaration, which, had it been here in the first instance, would have doubtless spared the point, that there was no basis made by the pleadings for such proof. Such additional count specially alleged plaintiff's particular damages in such respect, and the facts upon which they were claimed, and was a good basis for the evidence. The expense necessarily incurred by a plaintiff so disabled, in procuring competent help in his business to do the work which would have been performed by himself had he not been disabled, was a proper subject of allowance for damages in this character of suit. *Ashcraft* v. *Chapman*, 38 Conn. 230.

"An appellate tribunal will not disturb a verdict in a suit to recover for personal injuries, merely because it would have assessed the damages at a less amount if it had been sitting as a jury. It is only where the verdict in such cases is so out of the way as to justify an inference that it is the result of partiality, prejudice or passion, that the duty of an appellate court arises to set aside the verdict. But in this record there is nothing to

be found to justify such an inference. The case seems to have been fairly and deliberately tried and full consideration given to every defense the defendant interposed, and though the verdict is full in amount, it can not be said to be palpably wrong.

"Error is assigned, and argued, because of the giving of two of plaintiff's instructions, in that, as it is said, one of them, by using the word 'will' instead of 'may,' practically directs the jury to find a verdict for the plaintiff in case they find that he has proved the material allegations of his declaration by a preponderance of the evidence; and in the other, it in substance tells the jury it is their 'duty,' in case they find the defendant guilty, to determine, from the evidence, the amount of the damages, if any, which, under the evidence, he is entitled to recover, and if the jury find, from a preponderance of the evidence, that plaintiff is entitled to recover substantial damages, they 'will' (instead of 'may') fix the amount thereof, etc. In other words, as applicable to each instruction, it is argued that the words 'will' and 'duty,' as there employed, were mandatory and coercive upon the jury, and tended to deprive the jury of their freedom of action in the matter, and were, as used, an invasion by the court of the province of the jury. To tell a jury that, if they find from the evidence the plaintiff has, by a preponderance of the evidence, proved the material allegations of his declaration, their verdict 'will' (instead of 'may') be in his favor, is to state the law, and cannot, by any fair understanding of words, be an invasion of the province of the jury. 'May' could not, in such connection, properly be understood in the alternative, as 'may' or 'may not,' for, under the premise of the instruction, there was but one proper thing for the jury to do, and that was to find for the plaintiff. Had the word 'may' been used instead of 'will,' it would have stood for and meant the same thing as 'will,' if rightly understood by the jury.

"Very much the same reasoning applies to the use of the words 'duty' and 'will,' in the connection in which they were used in the second instruction, and it is unnecessary to elaborate upon it. The cases cited and relied upon by appellant in this connection are not, as we understand them, parallel to this one, and our holding is in no sense inconsistent with them, but, on the other hand, is in harmony with them.

"While it is exceedingly important and vitally essential to the preservation of the right of trial by jury that the jury's province should not be usurped by the trial judge, it is no less important and essential that the functions of the judge should be preserved and exercised, and to instruct the jury as to what the law demands of them when all the facts and conditions precedent to the demand of the law have been rightfully found by the jury to exist, can, in our view, never be error. For illustration we refer to *Chicago, Burlington and Quincy Railroad Co.* v. *Payne*, 59 Ill. 534, *City of Aurora* v. *Hillman*, 90 id. 61, and there are many others.

"Neither was there error in the refusal of defendant's instruction numbered 28, that the law will not require an expert witness (a physician and surgeon in this case) to testify in a case unless he is paid the usual fees of expert witnesses of his class and character, etc. This question has lately been settled by our Supreme Court in *Dixon* v. *People*, 168 Ill. 179, holding that a physician, subpœnaed and interrogated as an expert witness only, cannot refuse to testify, in either a civil or criminal suit, upon the ground that no compensation greater than that allowed to ordinary witnesses has been paid or promised to him.

"We perceive no reversible error upon the record, and the judgment of the circuit court is affirmed."

We concur in the conclusion reached by the Appellate Court, and in the views expressed by them as above quoted. Accordingly, the judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*