## Piatt County v. J. D. Knott.

1. COUNTIES—*Not Liable to Physicians for Making Examinations of Dead Bodies to Enable Them to Give Expert Testimony at Inquests.*— There is no law in this State making a county liable for the services of a physician employed by the coroner to make an examination of a dead body for the purpose of enabling him to give expert testimony at an inquest.

**Assumpsit,** for professional fees earned as a physician to enable him to give expert testimony at an inquest held by the coroner. Appeal from the Circuit Court of Piatt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1901. Reversed. Opinion filed December 10, 1901.

CHARLES F. MANSFIELD, State's Attorney, for appellant.

REED & EDIE, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit in which appellee recovered a judgment in the Circuit Court of Piatt County against that county for certain professional fees earned as a physician to enable him to give expert testimony in two inquests held by the coroner of that county upon the dead bodies of one Rearden and one Hines. The declaration contained the common counts only, and the plea was the general issue.

The trial was by the court without a jury, by consent, and resulted in a finding and judgment in favor of appellee for $70, to which appellant excepted, prosecutes this appeal, and to effect a reversal of the judgment insists, among other things, that the finding and the judgment are contrary to the law and evidence of the case.

It appears that appellee is a regularly licensed physician practicing his profession at Monticello in Piatt county, and at the request of the c ·roner of that county he made a post mortem examination of the body of one Rearden who had died in that county under circumstances which caused the coroner to hold an inquest upon the body, and at which the doctor was called by the coroner as a witness and gave expert testimony of what he discovered by said examination. Also that one Mrs. Hines died in the same county, and it being suspected that her death was due to the administration of poison, the coroner held an inquest upon her body and requested appellee to make a post mortem examination of it. The doctor went to the place where the body was, and finding that the stomach had been filled with embalm-

ing fluid, he would not make a post mortem examination because it could not then be accurately determined whether poison had been administered to her or not; but he did examine her body and was called by the coroner and testified as an expert witness as to what he discovered by the examination. The fees claimed by appellee for the two examinations were shown to be reasonably worth $70.

In support of the finding and judgment it is contended that the professional services in question having been performed at the request of the coroner in aid of the two inquests the county is liable to pay for them at what they were reasonably worth. But we can not concur in that view because there is no statute of this State which makes provision for the coroner to employ physicians to make examinations of dead bodies to enable them to give expert testimony at inquests and be paid by the county, as fees, therefor. And in the absence of any such statutory provision no such fees can be recovered from the estate of the deceased person whose body was examined (Smith v. McLaughlin, 77 Ill. 596), or from the county in the interest of the proper enforcement of our criminal laws (Fears v. Nacogdoches County, 71 Texas, 337), because "a witness or officer of the law has no legal right to recover on a *quantum meruit* for services rendered under the requirements of the law. For such services he is limited to the fee or compensation fixed by the statute." Smith v. McLaughlin, *supra;* Constant v. Matteson, 22 Ill. 546; Eimer v. Eimer, 47 Ill. 373; Dixon v. People, 63 Ill. App. 585, affirmed in 168 Ill. 179; and North Chicago Street R. R. Co. v. Zeiger, 182 Ill. 9.

In some of the States, statutes have been passed in the interest of apprehending those who commit crime authorizing coroners in their discretion to employ physicians to perform professional services to enable them to give expert testimony at inquests, and making provision for paying such services by the county; but until the legislature of our State shall have enacted such statute the courts must declare the law as it is.

Piatt County v. Knott.

It follows that the finding and judgment of the Circuit Court are contrary to the law and evidence of this case and for that reason we will reverse the latter with finding of facts.    Reversed.

The clerk will incorporate in the judgment of this court this:

" The court finds that the appellant was not indebted to appellee in manner and form as charged in the declaration."