## Constantine Katsulis, Appellee, v. Confectioners & Bakers Supply Company, Appellant.

## Gen. No. 16,082.

1. ATTACHMENT AND GARNISHMENT—*effect of wrongfully suing out.* If an attachment is wrongfully sued out an action for damages lies.

2. DAMAGES—*when award of jury not disturbed.* An award of damages in an action for wrongfully suing out a writ of attachment will not be disturbed unless the court is satisfied that the verdict is manifestly against the weight of the evidence or that it is the result of passion, prejudice or mistake.

Appeal form the Superior Court of Cook county; the HON. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 22, 1911. Rehearing denied January 9, 1912. *Certiorari* denied by Supreme Court (making opinion final).

L. D. CONDEE, for appellant.

IRA C. WOOD and WILLIAM GARNETT, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This action was brought by appellee, Constantine Katsulis, against appellant, Confectioners' and Bakers' Supply Company, to recover damages suffered by appellee by the wrongful act of appellant in suing out and levying a certain writ of attachment upon the goods, fixtures and property in appellee's place of business.

Prior to May 1, 1905, appellee had for some years been engaged in the city of Chicago as a merchant in the retail business of fruits, confectionery, etc., on the south side of Randolph street just west of State street in the city of Chicago. He sold out his interest in the business at that place, and on March 29, 1905, together with one Velasaris, entered into a lease for the premises in question, located on the west side of State street between Madison and Monroe streets, the store being known as 148 State street. These premises consisted of a store on the street level 24 feet wide and 90 feet deep, together with the basement, and was used by appellee as a retail store for the sale and manufacture of confectionery and the sale of soda water, ice cream, flowers, fruit and cigars. The term of the lease was for five years from May 1, 1905, at an annual rental of $15,000, in monthly payments of $1250.

On entering into the lease there was paid by appellee and his partner the sum of $2250, $1250 being for the May, 1905, rent, and $1000 being as a guaranty fund held by the lessor. The lease contained a provision whereby the lessor had the right to terminate the same on May 1, 1907, provided the lessor desired to rebuild. The evidence shows that the lessor never desired to rebuild and never has rebuilt upon the property.

On obtaining possession of the premises, appellee and his partner proceeded at considerable expense to prepare the store and basement for their business, removing certain partitions, painting, decorating, and otherwise improving the premises, and on or about May 24, 1905, opened the store for business. Furniture and fixtures had been purchased and placed in the store, consisting of soda water fountain, counters, showcases, shelves, tables, boxes, machinery for candy making, chairs, electric light fixtures, and other appliances and articles necessary for conducting a retail store of that character. The store had also been

stocked with candies, fruits, and other goods, and from the time it was opened for business, according to the evidence, there was a good and continually increasing trade carried on in the premises.

Much of the furniture, fixtures and appliances were purchased on credit, and the soda fountain was purchased on credit and a chattel mortgage given to secure the payments therefor. Among others from whom appellee purchased supplies was the defendant below, Confectioners' & Bakers' Supply Company, appellant, from whom during the month of May, 1905, appellee and his partner purchased about $369 worth of goods, and on July 22, 1905, there was due on the account the sum of $199.29.

On June 13, 1905, appellee purchased the interest of his partner, Velasaris, in the store, and thereafter was the sole owner of the lease and property contained therein.

On July 22, 1905, without warning to appellee, appellant sued out an attachment against him before a justice of the peace. In the affidavit on which the attachment was issued, nearly every ground named in the Attachment Act was alleged except that of non-residence. Under the attachment the constable levied upon all the property in the store, and the goods and property were removed to appellant's warehouse, and kept there until August 25, 1905, when an execution was levied upon them; and on September 18th following appellant bought the goods levied upon by it from the appellee for $175.

On the trial of the action before the justice of the peace the writ of attachment was quashed, and a judgment was recovered in assumpsit against appellee, and it was under the execution issued upon this judgment in assumpsit that the property was levied on.

As a result of these proceedings, the business of appellee was broken up and destroyed, and by arrange-

ment with the landlord, appellee subsequently surrendered his lease.

Two questions only are presented by the case: First, was the plaintiff entitled to a judgment against the appellant, and second, is the judgment obtained below excessive in amount?

Upon an examination of the record, we think the evidence shows that the appellant had no ground for suing out the attachment, and that the attachment was wrongfully issued against appellee; and a levy having been made under it upon substantially all of appellee's property in the store, the property so levied upon was taken from the store and placed in appellant's warehouse. This necessarily had the effect to break up and destroy appellee's business. According to the testimony, appellee was conducting a fairly successful business, in view of the time in which he had been engaged in business at the store occupied by him at that time, and it clearly appears from the evidence that the direct result of the attachment was the destruction of appellee's business. We are of the opinion upon the evidence that appellee was entitled to a judgment against appellant for this illegal and unwarranted levy upon all of the property substantially in his store, and the destruction in consequence of his business.

We find no error in the rulings of the court in admitting or excluding evidence.

Upon the question of damages we are not disposed to interfere with the judgment of the court below, for the reason that the amount thereof was peculiarly a question for the jury and the trial court to determine. The evidence tends to show that the lease of the premises held by appellee was of considerable value and this lease, as a result of the action of the appellant, appellee was obliged to surrender or to dispose of in the best way he could. The evidence shows that the business was a growing business, and if left undis-

turbed appellee might, and probably would have, built up a flourishing trade in the locality where he was located. The exact amount of damages is quite difficult to estimate, and the case is of a character where that question is for the jury. Unless we are satisfied that the verdict of the jury is manifestly against the weight of the evidence, or that it is the result of passion, prejudice or mistake, we have no warrant in the law for disturbing it. North C. St. R. Co. v. Zeiger, 182 Ill. 9. The verdict of the jury was for $8000 in favor of appellee. The trial judge required appellee to remit $1,500 from the verdict, and entered a judgment of $6,500.

We find no reason in the record for disturbing the judgment, and it is accordingly affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE BALDWIN took no part in the decision of the case.