THE PEOPLE *ex rel.* Stephen T. Carmody, County Collector, Appellee, *vs.* M. D. CHERRY *et al.* Appellants.

*Opinion filed February 21, 1914.*

1. SPECIAL TAXATION—*when property owner cannot insist upon right to build a sidewalk.* The rights of property owners which are preserved by section 8 of the Sidewalk act, as amended in 1907, with reference to a case where a new ordinance is passed to pay for a sidewalk which has been constructed in good faith under a prior ordinance which has been set aside by any court, do not include the right to construct the sidewalk in front of their own property.

2. SAME—*when objections directed to the prior ordinance are immaterial.* If a sidewalk ordinance is held to be invalid by the Supreme Court and a new ordinance is passed to pay for the sidewalk, which was constructed under the prior invalid ordinance, new objections directed to the prior ordinance are immaterial and will not be considered on appeal from a judgment overruling objections

to an application for judgment and order of sale under the new ordinance, as the basis of the new ordinance is the invalidity of the prior one.

3. SAME—*when property owner cannot question good faith in constructing sidewalk.* A property owner who objects to a special sidewalk tax on the ground that the sidewalk is defective and improperly constructed, cannot change his position in a subsequent proceeding under a new ordinance to pay for a new sidewalk built to replace the former one, which the city removed, and insist that the city did not act in good faith in constructing the new sidewalk, because the one it removed was a good, substantial walk.

APPEAL from the County Court of Macoupin county; the Hon. TRUMAN A. SNELL, Judge, presiding.

RINAKER & RINAKER, for appellants.

JAMES H. MURPHY, State's Attorney, and FRANK G. WOOD, City Attorney, (EDWARD C. KNOTT, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The county collector of Macoupin county made application to the county court for judgment for delinquent special taxes levied against the property of M. D. Cherry and Mrs. James McCranor by the city of Girard under the Sidewalk act of 1895 and the amendments to said act made in 1905 and 1907. The lot owners appeared and filed objections, all of which were either stricken or overruled and judgment was rendered for the amount of taxes levied against the respective lots of the objectors. The objectors have prosecuted an appeal to this court.

The record shows that the city of Girard passed an ordinance in 1910 levying a special tax against appellants' property for the purpose of constructing a cement sidewalk in front of said lots. Appellants refused to pay the tax levied under the ordinance and filed objections to the rendition of judgment therefor, which were sustained by the

county court. The original ordinance seems to have been
defective and the sidewalk constructed thereunder was not
satisfactory to the city. After the county court had held
the ordinance invalid and the work imperfect the city passed
an ordinance providing for the removal and disposition of
this original sidewalk. Under this ordinance the walk in
front of appellants' property was removed and the concrete
blocks of which it was constructed were disposed of by
the city for what they would bring. Among the objections
appellants interposed to the rendition of judgment for the
first. tax was one that the walk was not properly built and
that it did not conform to the grade and was constructed
upon an insufficient foundation. On August 4, 1911, and
after the original walk had been removed and disposed of,
the city passed another ordinance for the construction of a
cement sidewalk in front of appellants' property. This new
or second ordinance was an ordinance for an original side-
walk and had nothing to do with the original improvement
that had been taken away. A tax was levied under the
ordinance of August 4, 1911, to pay for the new walk.
Appellants refused to pay and an application for judgment
followed. Appellants filed objections to the rendition of
judgment, which were overruled and judgment was ren-
dered for the amount of the tax. Appellants prosecuted an
appeal from that judgment to this court, which resulted in
a reversal of the judgment of the county court for the rea-
son that the thirty days' notice required by the Sidewalk
act had been served before the ordinance went into effect.
This court held that the thirty days allowed the property
owner in which he might build the sidewalk at his own ex-
pense, under the statute did not begin to run until the ordi-
nance became effective. Our opinion in that case is reported
as *People* v. *Cherry,* 256 Ill. 582. After this court had held
the ordinance of August 4, 1911, void, the city council
passed another ordinance under section 8 of the Sidewalk
act as amended in 1907, for the purpose of paying for the

sidewalk that had been previously constructed under the void ordinance. Under this ordinance of March 4, 1913, the tax in question was levied upon appellants' property, and this is the tax involved in this proceeding.

Section 8 of the Sidewalk act as amended in 1907 provides for levying a special tax to pay for sidewalks constructed under a prior ordinance which has been "annulled by the city council or board of trustees, or set aside by any court," and provides that a new ordinance may be passed and a new tax made and returned the same as in the first instance, and also provides that "all parties in interest shall have like rights and like powers in relation to any subsequent tax as are hereby given in relation to the first tax." It is also provided in said section that "no special tax shall be held void because levied for work already done under a prior ordinance, if it shall appear that such work was done in good faith by the city, village or town, or under contract duly let and executed, pursuant to an ordinance providing that such sidewalk should be paid for by special tax."

Appellants contend that the above statute, which gives them like rights and powers in relation to the new tax that they had under the original Sidewalk act, includes the right of the lot owner to construct the sidewalk at his own expense and thereby avoid the special tax. This contention cannot be sustained. The ordinance being passed to levy a tax for a sidewalk already constructed, could not logically contain a provision permitting the property owner to construct the walk at his own expense. The ordinance under which the present tax was levied contained no such permission to appellants, and it would have had no meaning, under the facts in this case, if it had been so provided in the ordinance.

Appellants further contend that the sidewalk was not constructed in good faith, as required by section 8, under which the ordinance was passed. The argument in support

262 — 8

of this contention is, that the first walk constructed was a good, substantial walk, and appellee removed it merely for the purpose of installing one which appellants could be compelled to pay for. Appellants' contention on this point is inconsistent with the position they assumed when they were objecting to the taxes levied to pay for the original sidewalk. It was then their contention that the original sidewalk was not properly constructed, that it had an insufficient foundation and did not conform to any grade. If the appellants regarded the first sidewalk as sufficient they should not have raised these objections and procured a judgment sustaining them. They are clearly estopped from now assuming an inconsistent position in respect to the character of the original walk that was removed. But aside from this, appellants are in no position to complain of the removal of the original sidewalk for the reason that their property contributed nothing to its cost. The removal of the defective sidewalk is no evidence of the want of good faith in the construction of the walk which was built to replace it.

All of the other objections of appellants are directed against the ordinance of August 4, 1911. That ordinance was held to be void by this court in our previous decision. It is wholly immaterial now that that ordinance had defects other than those pointed out in the former hearing, and objections based upon defects in that ordinance are not material at this time. The invalidity of that ordinance is the basis of the one under which the tax in question was levied.

We find no error in this record, and the judgment of the county court of Macoupin county is affirmed.

*Judgment affirmed.*