(No. 12238.—Reversed and remanded.)

THE PEOPLE ex rel. Thomas J. Dale, County Collector, Appellee, vs. JOSEPH V. LAWSON et al. Appellants.

*Opinion filed October 21, 1918—Rehearing denied Dec. 5, 1918.*

1. SPECIAL TAXATION—*when application for judgment for special sidewalk tax is premature.* Where the entire cost of a sidewalk is apportioned upon the various lots according to their frontage, an application by the collector for judgment and order of sale for the tax cannot be presented until the entire sidewalk provided for is completed and a bill of cost filed in the office of the clerk.

2. SAME—*property not liable for cost of proceeding to obtain judgment for special tax.* The right to recover costs is entirely statutory, and there is no statute authorizing a recovery of the cost of a proceeding against property to obtain judgment for special taxes or assessments. (*Merritt* v. *Thompson,* 13 Ill. 716, and *Jackson* v. *Cummings,* 15 id. 449, explained.)

3. SAME—*if a special tax ordinance is void it cannot be validated.* Where a special tax ordinance passed under the Sidewalk act is void it cannot be validated by a subsequent ordinance, and the property owners have the same rights against the subsequent tax as against the first one, as section 8 of the Sidewalk act, as amended in 1907, does not extend the power of a city, village or town to make a void ordinance valid.

CARTER, J., dissenting.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

O. M. JONES, and ACTON & ACTON, for appellants.

GEORGE F. REARICK, and WALTER T. GUNN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Vermilion county overruled objections of the appellants to an application for judgment against their lots for the cost of sidewalks in the village of Fairmount, and they appealed from the judgment.

The ordinances under which the taxes were claimed to be due were passed under the provisions of the Sidewalk act of 1875, as amended in 1905 and 1907, providing additional means for the construction of sidewalks in cities, towns and villages. On May 11, 1915, the village board passed two ordinances providing for concrete sidewalks four feet wide. Ordinance 123 provided that such a sidewalk should be built on the north side of State street within limits therein specified, and ordinance 124 provided for sidewalks on both sides of Center street from West street to High street, except where walks had already been built on that street according to the specifications. Each ordinance provided that the entire cost of the sidewalk should be paid by special taxation of the lots, blocks, tracts and parcels of land abutting on the street along the line of the improvement in proportion to frontage on the line of the street, and provided that the owners of lots should construct the sidewalk in front of their premises within thirty days after notice of the passage of the ordinance. Appellants did not construct the sidewalk in front of their property and the village constructed the same and applied at the June term, 1916, of the county court for judgment against the property. The appellants filed fifteen objections questioning the regularity of the proceedings, the want of an established grade, the power of the village to pass the ordinance, which was alleged to be unreasonable, unjust and oppressive and void because there was already a good, sound, sufficient brick sidewalk in front of the property, and alleging that the sidewalks had never been completed. The twelfth objection, that there was already a sidewalk in front of the property, was withdrawn without prejudice. The thirteenth, that the sidewalks had not been completed, and the fifteenth, that no advertisement was ever published as required by the ordinance, were sustained and the other objections were overruled. Judgment was refused, and there-

after the village board passed ordinance 142, reciting the
passage of ordinance 123, the objections interposed at the
June term, 1916, and the sustaining of the objections, and
then declaring that all the terms and provisions of ordi-
nance 123 should be and were thereby approved, ratified,
confirmed and validated.   The board also passed ordi-
nance 143, of the same character, purporting to ratify, con-
firm and validate ordinance 124.   Application for judgment
was again made at the June term, 1917, and the same ob-
jections were filed as before, and the judgment appealed
from was entered.

One of the objections was that the sidewalks never had
been completed, and it was proved that no sidewalk had
been constructed under the ordinance in front of three lots
on the south side of State street and one lot on the north
side of Center street.   The testimony for the objectors was
that there was an old sidewalk three and a half feet wide
in front of said lots, constructed eight or ten years previ-
ously, and the one on Center street was broken, cracked
and practically gone to pieces, and neither of these con-
formed to the specifications.   There was no contradiction
to that testimony.   Where the entire cost of the sidewalk
is to be apportioned upon lots according to frontage, the
sidewalk must be completed and a bill of cost filed in the
office of the clerk as a basis for the special tax.   The en-
tire cost of the whole sidewalk cannot be apportioned to
lots according to their frontage, as provided by the ordi-
nance, until the sidewalk is completed.   (*Craig* v. *People,*
193 Ill. 199; *People* v. *Smith,* 201 id. 454; *People* v. *Hen-
nessy,* 234 id. 14.)   The court erred in not sustaining that
objection.

The court rendered judgment against the property of
the appellants for the costs of the proceeding to obtain judg-
ment.   The right to costs is entirely statutory and costs can
never be recovered unless authorized by statute.   (*Smith*
v. *McLaughlin,* 77 Ill. 596; *Rieker* v. *City of Danville,*

204 id. 191; *Wilson* v. *Clayburgh,* 215 id. 506.) There is
no provision of the statute authorizing a recovery of the
cost of the proceeding against property for taxes or assess-
ments. The Sidewalk act provides that in obtaining judg-
ment for a tax remaining due and unpaid the laws in re-
lation to the enforcement and collection of taxes shall be
applicable to the proceeding, and the Revenue law provides
that the court shall give judgment for the taxes, interest,
penalties and costs chargeable against the property, which
means the statutory costs accruing against the property un-
der the assessment. The decisions in *Merritt* v. *Thompson,*
13 Ill. 716, and *Jackson* v. *Cummings,* 15 id. 449, give no
countenance to the claim that a judgment for the cost of the
suit or proceeding can be rendered against the property. In
the first of those cases the application was for a judgment
for a tax of $7.50, with a statement that in case of sale
forty cents would be added to each lot or tract of land as
costs, and the premises were sold by the sheriff for $7.90,
which was the amount of taxes, interest and costs assessed
against the land. In the second case there was a like inclu-
sion of forty cents for costs of the same character. A party
to a judicial proceeding in which fees are allowed by stat-
ute is liable for such fees and costs and in contemplation
of law advances them for services rendered in the progress
of the cause. (*Morgan* v. *Griffin,* 1 Gilm. 565; *People* v.
*Harlow,* 29 Ill. 43.) If they are not so paid as services
are rendered they may be collected by a fee bill from the
party liable, without regard to the result of the suit. (*Red-
dick* v. *Administrators of Cloud,* 2 Gilm. 670; *Neal* v.
*Blanchard,* 32 Ill. 503; *Eads* v. *Couse,* 35 id. 534.) No
judgment for costs of the proceeding in court can be ren-
dered against the property of the objector because not au-
thorized by statute.

The Sidewalk act provides that the ordinance may re-
quire owners of property to construct a sidewalk in front
of the same within thirty days after notice, and the origi-

285 – 25

nal ordinances in this case so provided. By section 8, as amended in 1907, it is provided that if any special tax shall be annulled by the city council or board of trustees or set aside by any court, a new ordinance may be passed and a new tax may be made and returned and the proceeding thereafter shall be the same as in the first instance, and all parties in interest shall have the like rights and like powers in relation to any subsequent tax as are given by the act in relation to the first tax. Where the ordinance under which a sidewalk is constructed is void because beyond the power of the city, village or town or because unreasonable, unjust or oppressive, it cannot be validated by a subsequent ordinance, and property owners have the same rights in relation to the subsequent tax as the law gives in relation to the first tax. Section 8 provides that no special tax shall be held void because levied for work already done under a prior ordinance if it shall appear that such work was done in good faith by the city, village or town or under contract duly let and executed pursuant to an ordinance providing that such sidewalk should be paid for by special tax. This provision permits a tax to be levied and collected for work already done under a prior ordinance which is either defective or where the proceedings under it have been of such a nature that a property owner did not have the privilege of constructing the walk or for some other reason the tax has been annulled or set aside, provided the work already done was done in good faith by the city or under a contract duly let and executed. (*People* v. *Cherry,* 262 Ill. 110; *People* v. *Moore,* 265 id. 444.) It does not extend the power of the city, village or town or make an ordinance valid that is void.

Objections were made on the ground that the ordinances for the construction of the sidewalks were unreasonable, unjust and oppressive, and evidence was introduced on both sides on that question, but as the application was premature,

because the sidewalks had not been completed, those questions will not be considered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting.