O. M. ADAMS, plaintiff in error, *vs.* WILLIAM R. PAYSON, defendant in error.

*Error to Madison.*

Where a master included a fee for $30 00 to the complainant's solicitor, upon a reference to him to compute the amount due, upon a bill taken *pro confesso,* where the bill did not claim such fee, it was decided to be error.

Adams *vs.* Payson.

This was a bill in chancery, in the Madison county Circuit Court, to foreclose a mortgage filed by Payson against Adams, which came on to be heard before Kœrner, Judge, at the August term, A. D. 1848, and a decree of foreclosure was allowed. The facts of the case, and the errors complained of, will be sufficiently stated in the opinion.

L. DAVIS and N. EDWARDS, for plaintiff in error.

L. F. CASEY, for defendant in error.

Opinion by Mr. Justice CATON :

In this case, we have again to reiterate a principle so familiar that authority in its support would be superfluous.

This bill is to foreclose a mortgage, given to secure, among other things, the payment of a promissory note; the non-payment of which is alone complained of. The bill was taken for confessed, and it was referred to a master, to compute the amount due upon the note; and to assess and tax the fee of the complainant's solicitor, according to an agreement filed in the cause, by which the defendant bound himself to pay such fee, in case the complainant had to foreclose the mortgage.

This agreement was executed some time after the mortgage, and before the commencement of this suit, and is not referred to in or made a part of the bill; nor was it ever placed upon the files of the Court, till more than two months after the bill was filed.

The master reported the amount due upon the note at ⸶ 464 47; and that he had taxed the fee of the complainant's solicitor at thirty dollars. For both of which sums the decree was rendered.

That portion of the decree, alone, is assigned for error, which directs the defendant to pay the solicitor's fee of thirty dollars. That part of the decree must undoubtedly be reversed. No claim for that fee is set up in the bill, and the defendant had no opportunity of defending that claim. The Court could not give the complainant more than he asked, and showed, by his bill, that he was entitled to.

That portion of the plea complained of must be reversed, and the residue stand affirmed. The costs to be paid by the defendant in error.

*Decree modified.*