JAMES WILHITE *et al.*

*v.*

ZADOCK PEARCE *et al.*

1. SERVICE OF PROCESS—*in chancery.* The statute requires that service of process in chancery be by copy—service by reading, is not sufficient.

2. PRESERVING EVIDENCE—*upon which a decree is founded.* The record of a chancery proceeding must preserve the evidence upon which a decree is based either by a bill of exceptions, or by recital in the decree that certain facts were found.

3. DECREE—*recitals.* It must appear from the record that the court heard evidence and found the allegations of the bill to be true.

4. So, where it appears that premises, whereof a partition is sought, are incumbered, but the record does not show that proof was heard of that fact—such a record is erroneous.

5. REFERENCE TO MASTER. Where a case is referred to the master for proof and computation, he should report the facts, as proved before him, and the amount found due, to the court; he has no right to adjudicate upon such questions.

6. INFANT DEFENDANTS—*strict proof required.* Nothing can be admitted, but every essential particular must be proved, against infant defendants, whether they answer by guardian *ad litem* or not.

7. MASTER—*acting as solicitor.* It is error to refer a case to the regular master when he is acting as solicitor in the case.

8. ATTORNEY'S FEES—*whether taxable as costs.* In a suit in chancery for partition of lands, the fees of the attorney for the complainant are not taxable as costs.

WRIT OF ERROR to the Circuit Court of Crawford county; the Hon. ALFRED KITCHELL, Judge, presiding.

The facts fully appear in the opinion of the court.

Mr. J. P. BARLOW and Mr. J. K. ALBRIGHT, for the plaintiffs in error.

Mr. E. CALLAHAN, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding in chancery, in the Crawford Circuit Court, by Zadock A. Pearce and Louisa Jane, his wife, against John M. Wilhite and others, as heirs-at-law of Enoch Wilhite, deceased, for the partition of certain real estate, of which, it was alleged, Enoch Wilhite died seized and possessed.

Process was duly served on all the defendants, except I. P. Murphy, who was served by reading. Some of the defendants were infants, under age, namely: William C. Wilhite, John Murphy, Aura Wilhite, Aula Wilhite, and Cliffe Stanford, for whom a guardian *ad litem* was appointed.

A formal answer was put in by the guardian *ad litem* for the infants. The adult defendants suffered a default, and the bill was taken as confessed as against them, including I. P. Murphy, and the court decreed that the lands described in the petition be sold, and the proceeds applied, first, to the payment and discharge of the lien on the lands mentioned in the bill of complaint, and the balance paid over to the parties entitled.

To reverse this decree, the defendants, James S., Milton H., William C., Aura and Aula Wilhite, and I. P. Murphy and Mary Murphy, bring the record here by writ of error, making Zadock A. Pearce, Louisa Jane Pearce, Joseph R. Stanford and Cliffe Stanford, defendants thereto.

Various errors are assigned, the most important of which are, that the evidence on which the decree was made is not preserved in the record, and no evidence to charge the minor defendants was heard, and further, that I. P. Murphy was not duly served with process, and the judgment *pro confesso* against him was, therefore, irregular.

The statute, regulating proceedings in partition, provides, by section 6, that the parties shall have notice of the application by summons duly served. Scates' Comp. 161. By section 7 of the chancery code, it is provided that service of summons shall be made by delivering a copy thereof to the defendant, or leaving such copy at his usual place of abode, with some white person of the family, of the age of ten years or upwards, and informing such person of the contents thereof. Ibid. 139.

As I. P. Murphy was not thus served with the summons, and as he did not enter an appearance, the decree against him was erroneous. *Klemm* v. *Dewes*, 28 Ill. 317; *Ditch* v. *Edwards*, 1 Scam. 127; *Garrett* v. *Phelps*, ib. 331.

It is the well established doctrine of this court, that the facts on which a decree is based must appear somewhere in the record, either by bill of exceptions, or by recital in the decree that certain facts were found. It must appear from the record that the court heard evidence and found the allegations of the bill to be true. *Davis* v. *Davis*, 30 Ill. 180.

A most important fact alleged in the petition was, that the land sought to be partitioned was subject to an incumbrance to near its value, in favor of the trustees of schools of a cer tain district, and not a particle of proof was adduced of the fact, nor is it recited in the decree that such an incumbrance,

in fact, existed.  For this reason, also, the decree is erroneous.

A decree passed against the infant defendants, without any proof to charge them.  Nothing can be admitted, but everything essential must be proved, against an infant.  *Hitt* v. *Ornsbee*, 12 Ill. 166 ; *Hamilton* v. *Gilman*, ib. 260 ; *Tuttle* v. *Garrett*, 16 ib. 354 ; *Reddick* v. *State Bank*, 27 ib. 148.  And whether the guardian *ad litem* answers or not, the record must furnish proof to sustain a decree against an infant.  *Masterson* v. *Wiswould et ux.*, 18 ib. 48 ; *Chaffin* v. *The Heirs of Kimball*, 23 ib. 36 ; *Tibbs* v. *Allen*, 27 ib. 129.

The court should have found the amount of the lien, and that it was then subsisting, and if referred to the master to ascertain the amount, he should have reported his finding to the court for approval.  The master had no right to adjudicate on this question.

It appears from the record that the solicitor who drafted the bill for partition, was the master in chancery to whom the case was referred.  He was not a proper person to act as the master in the case of his clients.  It was erroneous and improper to refer the case to him.  It should have gone to a special master.  *White* v. *Haffaker*, 27 Ill. 349.

The record also shows that, besides his allowance of twenty-four dollars for his services as master, the court allowed him sixty dollars for his fees as solicitor.  This was also erroneous.  *Strawn* v. *Strawn*, 46 Ill. 412, and *Eimer* v. *Eimer*, ante. 373 ; *Adams* v. *Payson*, 11 Ill. 26 ; *Constant* v. *Matteson*, 22 ib. 455.  The decree must be reversed and the cause remanded.

*Decree reversed.*