SAMUEL C. CONWELL *et al.*

*v.*

JOHN McCOWAN *et al.*

| 53 | 363 |
| 152 | 355 |
| 53 | 363 |
| 94a | [1]297 |
| 53 | 363 |
| 194 | [1]234 |

| 53 | 363 |
| 215 | [1]507 |
| 215 | [1]508 |

1. COSTS *on foreclosure—solicitor's fees.* In a decree of foreclosure of a mortgage, it is error to allow for money advanced by and for fees of the solicitor, such allowances not being statutory fees or charges.

2. SURETY—*of his rights before he is damnified.* Where the principal debtor executes to the payee of a note on which there is personal security, a mortgage for further security, until the surety pays the debt he has no right to be subrogated to the rights of the mortgagee, and to have the mortgaged premises sold and the money paid to him.*

*See, also, *Darst* v. *Bates et al.* 51 Ill. 439.

3. Chancery—*relief upon answer.* Where the surety on a note secured by mortgage, brought suit for the purpose of obtaining a decree of foreclosure in his favor, and the payee filed an answer resisting the relief sought by the surety, but filed no cross bill nor asked for any relief: *Held*, it was error to decree a foreclosure for the benefit of the payee.

Writ of Error to the Circuit Court of Mason county; the Hon. Charles Turner, Judge, presiding.

The opinion states the case.

Messrs. Lacey & Dearborn, for the plaintiffs in error.

Mr. B. S. Prettyman, for the defendants in error.

Mr. Justice Walker delivered the opinion of the Court:

A bill in chancery was filed at the June term, 1864, of the Mason circuit court, by defendants in error, to foreclose a mortgage against Conwell, given to secure the payment of a note to Reuben Thompson, and on which McCowan and others were sureties. A decree was rendered in favor of McCowan, authorizing a sale of the mortgaged premises, and out of the proceeds the master in chancery was authorized to pay the costs of the proceeding and expenses of the sale, and to pay the solicitor ten dollars, which he had advanced, and to pay him one hundred and twenty-five dollars as a solicitor's fee, and to pay the balance to John McCowan, except so much as should exceed the debt, and if anything remained, that the same should be brought into court for further order.

The court erred in allowing for money advanced by the' solicitor, and his fee. They were not statutory fees or charges. *Adams* v. *Payson,* 11 Ill. 26; *Constant* v. *Matteson,* 22 ib. 546. In this there was error.

There was, at a subsequent term of the court, a petition filed by Thompson to be let in to answer the bill, and the decree was modified so as to set aside so much of the decree as

required the payment of the debt from Conwell to Thompson. The court also found that there was due to Thompson from Conwell and the sureties on the note, $1063.52 and interest.

Here was a mortgage executed by the principal debtor to Thompson, and one of the sureties, without paying the debt or any part of it, filed his bill for a foreclosure. We are aware of no rule of law which authorizes such a decree. Until the surety pays the debt, he has no right to be subrogated to the rights of the mortgagee, and to have the mortgaged premises sold and the money paid to him. Whether he could file a bill to compel the creditor to foreclose his mortgage, is a question which is not presented by this record, and is not considered, but it was error to decree the payment of the money to the surety until he had paid the debt.

Thompson, in his answer, resists such a decree, and the court, on the hearing on his answer, modified that portion of the decree, and found the amount due Thompson on his note, but there is no specific relief granted. When, however, this supplemental decree is considered with the original decree, it leaves the order for the sale of the mortgaged premises, and the money to be brought into court after paying the solicitor's fees. This was error, as McCowan had shown no grounds for a decree in his favor, and Thompson had asked no relief. He filed no cross bill, but simply an answer resisting the relief sought by McCowan. There was, then, nothing upon which to base such a decree. The decree of the court below must be reversed and the cause remanded, but as McCowan's solicitor has asked leave to amend his bill, the court below will permit an amendment, and the other parties will have the right to file answers, that the case may proceed to a trial on the merits.

*Decree reversed.*