LIZZIE M. CHASE

v.

CALVIN DE WOLF.

69    47
194   ³234
69    47
e108a¹569

1. BILL OF EXCEPTIONS—*when necessary*. The office of a bill of exceptions is to bring into and make something a part of the record which would otherwise be no part of the same. Where a case is decided on demurrer, there being no motion made or evidence heard, a bill of exceptions is wholly unnecessary.

2. ILLEGAL FEES—*justice of the peace will not be compelled to issue execution for*. Where a constable charges illegal and unreasonable fees for executing a writ of replevin issued by a justice of the peace, the latter named officer will not be compelled by *mandamus* to issue an execution for their collection.

3. JUDGMENT FOR COSTS—*embraces only legal costs*. Where a plaintiff in replevin before a justice of the peace recovers judgment for costs, it does not embrace all the costs and charges claimed, but only all the plaintiff's legal costs to be taxed, and any charge for services not enumerated in the statute is not embraced in such judgment.

4. FEES—*for executing writ of replevin*. The statute allowing reasonable charges to constables, to be allowed by the justice of the peace, for removing and taking care of property levied on, can not be construed to embrace a charge for taking and delivering property under a writ of replevin; and a charge of §85 for replevying one or two express wagon loads of goods, amounting to almost half the value of the goods, was held to be illegal, unjust and oppressive.

5. EXECUTION—*for collection of illegal costs claimed, properly recalled*. Where a justice of the peace renders a judgment for costs generally, and afterwards taxes illegal and oppressive fees charged as costs in the case, and issues an execution for their collection, he has the right, and it is his duty, to recall the execution, as, if a levy and sale were made under it, he would be liable to an action of trespass.

APPEAL from the Circuit Court of Cook county ; the Hon. HENRY BOOTH, Judge, presiding.

This was an application, by Lizzie M. Chase, for a writ of *mandamus* against Calvin De Wolf, to compel him to issue an execution for the collection of certain costs in a judgment recovered before him by the petitioner. The opinion of the court states the material facts of the case.

Mr. DANIEL F. BUCKLEY, for the appellant.

Mr. ALFRED BARTOW, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant sued out a writ of replevin from U. B. Boyden, a justice of the peace, to recover possession of certain articles of personal property. The venue was changed to Calvin De Wolf, another justice of the peace, before whom a trial was had resulting in a finding that the property was in plaintiff, and a judgment that she recover the same and one cent damages, and costs. The property having been delivered to plaintiff under the writ, there could only issue an execution for the damages and costs.

On the twenty-first day after rendering the judgment, the justice of the peace issued an execution, but on the next day recalled it, and on demand refused to issue another. Thereupon appellant filed a petition setting out these facts, and praying that an alternative writ of *mandamus* might issue from the circuit court of Cook county. The writ was issued and the justice of the peace returned that there was no law authorizing him to issue an execution for the fees charged by the constable, as they were illegal and oppressive. To his return appellant filed a demurrer, which was overruled by the court, and appellant electing to abide by her demurrer, the court rendered. judgment against her for costs.

We find in this case a bill of exceptions where there was no motion, evidence or other proceeding necessary to be

brought into the record. The petition, the return, the demurrer, and all orders of the court thereon, were matters of record, and acquired no additional force by being embodied in what is called a bill of exceptions. The office of such a bill is to bring into, and make something a part of the record which would otherwise be no part of the same. Such bills of exceptions are useless, encumber the record, and increase the costs of litigation, and are contrary to correct practice, and should be omitted, except where they are necessary and proper.

It is urged that the court below erred in overruling the demurrer. We are at a loss to see upon what ground it can be supposed this was error. The return avers that the charges made by the constable were not authorized by law, and the demurrer admits the truth of this averment. With such an admission it is difficult to see how a party can expect a court to compel an officer to violate the law, and enforce an illegal and unjust claim. If this is true, and the demurrer admits it, it would be monstrous to compel such injustice, wrong and oppression.

It, however, seems that counsel has the impression that because the justice of the peace rendered judgment for costs, therefore it was for all the costs and charges claimed, whether legal or illegal. The language and legal effect of the judgment is, that the plaintiff recovered judgment for all of her legal costs to be taxed. Any charge for services not enumerated in the statute is not, nor is there any pretense for calling it, costs. Nor does the justice, any more than the circuit court, tax and allow the items of costs on the trial of the case. He only renders judgment, in that regard, that the party recover costs, and they are known by the entire profession to be the expenses of a suit which may be recovered by law from the losing party. And to ascertain what expenses in a suit may be recovered, we must look to the statute fixing fees and salaries for the various officers in the government. And in this case there is no pretense that the statute has

4—69TH ILL

authorized the constable to make the charges returned by
him.

When examined, they seem to be unjust and oppressive in
the extreme.  To allow such charges would be to perpetrate
an outrage on litigants that would amount to a denial of
justice.  That a person should be compelled to pay $85 for
the delivery of perhaps only one or two express wagon loads
of goods to the plaintiff in a writ of replevin, amounting to
almost half the value of the goods, strikes the mind as unjust
and outrageous, especially when claimed and exacted by an
officer of the law, who thereby probably renders himself liable
to a prosecution.  And that he should ask a court to compel
the payment of such extortionate charges, is incomprehensible.
Courts are created to administer justice, not to aid and assist
in oppression, injustice and wrong.  The sense of justice
implanted in mankind revolts at such an outrage upon justice,
and that, too, under the forms of law, and by an officer of
the law.  An examination of the law fixing the fees of con-
stables.  (Sess. Laws 1872, pp. 446, 447,) contains no provis-
ion allowing these charges; but it contains a provision that
constables shall be allowed reasonable charges, to be fixed by
the justice, for removing and taking care of property levied
on by them.

This provision relates only to levies under execution, etc.,
and can not be so tortured as to embrace the charges in this
case.  The taking and delivering property under a writ of
replevin, is not a levy on property, and bears but slight
resemblance to it.  But counsel do not pretend that the stat-
ute allows the charges.  They do not refer to the statute.

We are unable to see, as claimed, that the justice of the
peace changed any judgment he had rendered.  If he did, it
fails to appear in this record.  After rendering the judgment,
he proceeded to tax the costs, and issued an execution; but he,
no doubt, found, on reflection, or on obtaining legal advise,
that these charges were not embraced in the judgment he
had rendered, it only embracing legal costs, and not for any

specific sum; that he had committed an error, which, if continued to levy and sale, would render him liable to an action of trespass, and therefore withdrew the execution.   As these charges were not embraced in the judgment, the execution was as illegal as though he had issued such process against any other party for a sum of money without any judgment having been rendered to support it.   This execution being wholly unauthorized, the justice of the peace not only had the right, but it was his duty, to withdraw it, and thus prevent the perpetration of wrong and injustice to the defendant, and to escape liability himself.   We can not hold that, by issuing that execution, appellant or the constable acquired any right to so unrighteous a claim, or that any one became concluded thereby from questioning its justice.

Perceiving no error in this record, the judgment of the circuit court is affirmed.

*Judgment affirmed.*