ALEXANDER BYERS *et al.*

*v.*

THE FIRST NATIONAL BANK OF VINCENNES.

| 85 | 423 |
| 32a | 451 |

| 85 | 423 |
| 160 | 242 |

| 85 | 423 |
| 84a | 77 |

| 85 | 423 |
| 185 | 582 |

| 85 | 423 |
| 194 | 6234 |

1. PRACTICE—*judgment must be taken against all defendants served, in actions ex contractu.* It is a rule of practice, that in all actions on contract, if a recovery be had, it must be against all the defendants served, unless a defense is interposed by one or more personal to themselves, such as coverture, infancy, bankruptcy, etc.; and such personal defense must be pleaded and proved.

2. Where several persons were sued in an action *ex contractu,* and all served, and no defense interposed by any of them, it was held error to render judgment against part of them only.

3. BANKRUPTCY—*effect of stay on pending suits.* An injunction issued in proceedings of bankruptcy before a discharge, restraining a creditor and his attorneys from prosecuting an action in the State courts, does not de-

prive the State court of jurisdiction, and a judgment rendered by the latter court against him is not erroneous.

4. SAME—*law construed as to staying suits in State courts.* The provision in the bankrupt act, that no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit, etc., until the question of the debtor's discharge is determined, was not intended to prevent a plaintiff from having judgment against such debtor when he is sued jointly with others in an action *ex contractu.* In such case, judgment may be rendered against all, and an order made staying execution as to the bankrupt until the question of his discharge is determined.

5. SAME—*staying judgment.* Where judgment is rendered against one pending proceedings in bankruptcy, in a suit on a contract against him and others, the court, on a proper application by any one interested in the assets of the bankrupt's estate, should enter an order staying execution against the bankrupt until the question of his discharge is determined. On such application, the proper practice requires that a petition setting out the order of the district court be presented, together with other necessary facts on which to base the order.

6. ATTORNEY'S FEE—*allowance in judgment.* In rendering judgment against parties, it is error to include an allowance for the plaintiff's attorney's fee.

WRIT OF ERROR to the Circuit Court of Richland county; the Hon. J. C. ALLEN, Judge, presiding.

Messrs. PRESTON, SANDS, HAYWARD & SMITH, for the plaintiffs in error.

Messrs. WILSON & HUTCHINSON, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case the First National Bank of Vincennes, Indiana, sued out a summons against Alexander L. Byers, Robert Byers, George W. Boody and Jacob Beaird, returnable to the April term, 1875, of the Richland circuit court. It was returned served on all of the defendants. They all failed to plead. The court rendered judgment by default against Alexander Byers, George W. Boody and Jacob Beaird, for $5145.83, and $200 for attorney's fee, and also for costs of suit. No judgment was rendered against Robert Byers, nor was there any disposition of the case as to him.

It is a rule of practice, that in all actions on contract, if a recovery be had, it must be against all of the defendants, unless a defense is interposed by one or more personal to themselves. Of this character of defense are coverture, infancy, bankruptcy, etc., and, under our practice, the personal defense must be pleaded and proved. We are aware of no case that holds that a plaintiff may sue a number on a contract, and take judgment against only a part of them, where no personal defense is interposed by any one of the defendants. It has been repeatedly and uniformly held by this court, that the judgment must be against all or none, unless a personal defense is established as to one or more of the defendants.

But it is urged that defendant in error and its agents, etc., were restrained from prosecuting this action to judgment, and that, therefore, the judgment is right.

The restraining order was issued under the provisions of section 5106 of the Revised Statutes of the U. S., which provides, that "no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge." Section 5118 provides, that "no discharge shall release, discharge or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise."

Now, these two sections must be read together, and as the only purpose of the former is, that the formerly acquired property of the bankrupt shall not be subjected to the payment of his debts by means of judgments recovered subsequently to the filing of his petition, or that he shall not be needlessly subjected to actions and costs, and, possibly, that the bankrupt may claim protection against such actions and suits through his discharge, if he obtains one, it would not be a strained con-

struction to hold, in cases where, under the law, a suit must be brought and a recovery had against all of the joint contractors, unless some have died or been discharged, that a judgment in such cases may be rendered against all, and an order made staying execution until the question of the bankrupt's discharge is determined. Bump on Bankruptcy, 687–8; *Hoyt* v. *Frul*, 8 Abbt. Prac. R. (N. S.) 220.

It would be unreasonable to suppose Congress intended to change the rules of practice in the State courts, and to require them to permit one of several persons jointly liable, to avoid a judgment, because he might, in the future, be discharged by proceedings which had just been commenced for that purpose. Nor did Congress, as it is evident from the latter of these sections, intend to prevent a recovery against those jointly liable with the bankrupt. By such a construction all difficulty is removed. No injustice could arise from such a practice, but, on the contrary, there could not be the slightest inconvenience or embarrassment. But, to give the former of these sections a literal construction, no suit could be maintained to recover against those not bankrupt, until the question of the discharge should be determined, as, by the well and uniformly settled rules of law, a plaintiff can not sue a portion of those who are joint obligees, payees or promisees. The law gives him the undoubted right to sue one or all, as he may choose, but not two or more less than the entire number. Again, two of these payors are firms, and their promise to pay is joint and not several, and one of the Byers is a member of each firm, and why should not he be jointly liable with his partner until his discharge, the judgment being stayed as to him until the question of his discharge is determined?

If one of several defendants jointly liable may stay the proceeding as to himself, and the plaintiff were to take judgment against his co-defendant, according to the well established rules of law the defendant obtaining the stay would be released from the debt, and should he fail to obtain his discharge he could not be held liable, although he may have been the principal debtor, and his co-defendant only his surety. To take a judg-

ment, then, against a portion of several joint obligors or promisors, and thus release the others, would, in such a case, work injustice and wrong. On the other hand, to hold that where several are jointly sued, and a part of them become bankrupt, judgment may, nevertheless, go against all, and then be stayed as to those who were bankrupt, can, in nowise, work such wrong.

Again, section 5118 expressly provides that the bankrupt's discharge shall not affect any person liable for the same debt. If the plaintiff may have judgment against him, and thus discharge his co-defendant, the person thus held liable may be seriously affected if his bankrupt co-defendant should never be discharged by the district court.

In this case, the injunction does not purport to enjoin the circuit court, but simply the bank, its attorneys, agents, etc. Such an injunction does not deprive the court in which the cause was pending of jurisdiction or power to hear and determine the cause and to render judgment, and if the court proceeds to judgment, it is not error. The persons enjoined may be guilty of contempt, but that does not render the judgment erroneous. The circuit court, after rendering such a judgment, on a proper application by any one interested in the assets of the bankrupt estate, should, under these sections of the Bankrupt act, enter an order staying execution against the bankrupt until the question of the discharge is determined. But, on such an application, the proper practice requires that a petition, setting out the order of the district court, be presented, together with written necessary facts, on which to base the order.

In this case, the attorneys for defendant in error moved the court for a judgment by default, and as there was no plea filed, either personal to either of the defendants or otherwise, the court erred in not allowing the motion and not rendering judgment against all of them.

Under the decisions of this court it was also error to allow the recovery of an attorney's fee. See *Nickerson* v. *Babcock*, 29 Ill. 497.

The judgment of the court below must be reversed and the cause remanded.

`Judgment reversed.`