## EDWIN G. ALLEN
## v.
## JOHN H. CONLON.

1. MANDAMUS—REQUISITES OF PETITION.—In a petition for a mandamus, the relator must show a clear right to have the very act done, the performance of which is sought, and by the person sought to be coerced.

2. TAXING ILLEGAL FEES—DUTY OF THE JUSTICE.—Only legal costs are taxable, and before a justice can be compelled to tax costs, it must appear that the fees are proper under the statute. Although the justice may have rendered judgment for illegal costs, he can refuse to issue execution therefor, and if execution has issued, and he should afterwards discover that the costs were illegal, it would be his duty to recall the execution.

3. To COMPEL A JUSTICE TO ISSUE EXECUTION.—It was sought to compel a justice of the peace to issue an execution for costs claimed to be due the relator, as shown by the returns on the process. Some of the returns include illegal costs, and therefore, the relator was asking more than he was entitled to receive under the law.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Mr. C. L. SHELDON, for appellant; argued that the judgment of the justice imposes a fine jointly upon the defendants, and therefore is void, and cited 1 Bishop on Criminal Law, § 733; Caldwell v. Commonwealth, 7 Dana, 229; State v. Grey, 10 Mo. 440; Waltzer v. State, 3 Wis. 785; Card v. Commonwealth, 14 B. Mon. 386; Commonwealth v. Ray, 1 Va. 262;

Allen v. Conlon.

Moody v. The People, 20 Ill. 319; 1 Wharton on Criminal Law, § 435.

Petition for mandamus must show a clear right to have the thing sought by it done: People ex rel. v. Glann et al. 70 Ill. 232; People v. Forquer, Breese, 104; People v. Hatch, 33 Ill. 9; People v. Mayor, 51 Ill. 18; Canal Trustees v. The People, 12 Ill. 248.

Messrs. Dinsmoor & Stager, for appellee; that appellant cannot, on a general demurrer to this petition, attack the judgment of the justice in the original cause, cited Rust v. Frothingham, Breese, 331; Bogardus v. Trial, 1 Scam. 63; Swiggart et al. v. Harber et al. 4 Scam. 364; Horton v. Critchfield, 18 Ill. 133; Bellingall v. Duncan et al. 3 Gilm. 477; Wimberley v. Hurst, 33 Ill. 166; Conover v. Musgrave, 68 Ill. 58.

The judgment against both defendants for costs, was proper: Calico v. The State, 4 Pike, 430; Commonwealth v. Sprinkle, 4 Leigh, 650.

If erroneous, the judgment is cured by the statute of amendments and jeofails: Rev. Stat. 1877, 130, § 6; Decker v. Trelling et al. 24 Wis. 614.

Pillsbury, J.  Petition for mandamus filed by appellee against the appellant in Circuit Court of Whiteside county, alleging, in substance, that the appellant, as justice of the peace for said county, issued his warrant upon complaint of one Eliza Drew, against Michael Shehan and Mary Shehan for assault and battery.  That the petitioner, as constable, received and served said warrant by arresting the parties.  That in said cause several subpœnas were issued by said justice and served by him.  That a fine of three dollars was imposed upon defendants, and costs of suit, amounting to $86.80 were taxed to defendants, of which sum $61.85 were costs of petitioner, and that the justice refused to issue execution to collect the costs due him.

The appellee makes all the papers issued by the justice as well as his record, a part of the petition, and asks that the justice be compelled to issue execution to collect his costs.

A demurrer was interposed to the petition by the defendant

below, which was overruled, and he refusing further to plead a peremptory writ of mandamus, was ordered to issue according to the prayer of the petition, from which order the defendant appealed to this court, assigning for error, the overruling of his demurrer and the ordering of said writ.

The only way of ascertaining the fees of appellee, as shown by the petition, is by an examination of his returns upon the various precepts served by him, as the costs appear to be taxed in gross by the justice at $86.80. There were issued at various times some nine subpœnas, upon each of which, appears the return of appellee as constable, and the statement of the amount of fees due him for serving the same. We give a specimen return as to fees. On the one issued March 18th, 1876, he returns, served with fees as follows:

"Mileage, 12.70; service, 2.75," and in no case does he state the number of miles traveled, but names a gross amount.

In the same subpœna, the returns of which we have given, there were eight witnesses to be served, but we find he served those whose names are not in the writ, and charges for the eleven served, making an overcharge of 75 cents for service, even if the 2.75 mentioned in the return is to be treated as two dollars and seventy-five cents.

"The statute provides that constables shall receieve for mileage when serving a warrant, summons, subpœna, or other process, the sum of five cents per mile each way, for actual distance traveled by him in making such service;" and we are of the opinion that a justice is not obliged to tax fees for mileage, unless the number of miles actually traveled by the officer appears in his return. Only legal costs are taxable, and before the justice can be compelled to tax costs, it must appear that the fees are proper under the statute. Although the justice may have rendered judgment for illegal costs, we apprehend he can well refuse to issue execution for the collection thereof. Even if he had issued such execution, and should afterwards discover that the costs were illegal, it would be his duty to recall the execution. Chase v. De Wolf, 69 Ill. 47.

We can well see from this position that the justice did

probably ascertain that the relator was not entitled to all the fees claimed, and hence refused to issue execution.

This petition seeks to compel the justice to collect all the costs claimed to be due the relator as shown by the returns. We have seen that some of the returns include illegal costs, therefore the relator is asking more than he is entitled to receive under the law. The relator must show a clear legal right to have the very act done, the performance of which is sought, and by the person sought to be coerced. The petition is not sufficient to show that the defendant is under a legal obligation to do the act sought to be enforced.

The demurrer should have been sustained. The judgment of the court below will be reversed and the cause remanded.

Judgment reversed.