JOHN RIEKER *et al.*

*v.*

THE CITY OF DANVILLE.

*Opinion filed October 26, 1903.*

1. COSTS—*right to recover fees or costs rests upon the statute.* The recovery of fees or costs cannot be allowed unless the right has been granted by statute.

2. SAME—*provision for costs in Eminent Domain act does not apply to local improvements.* Section 10 of the Eminent Domain act, requiring the petitioner, upon dismissing the petition, to pay all costs, expenses and reasonable attorney's fees incurred in defense, does not apply to a proceeding under the Local Improvement act to take property for opening or extending a street.

3. SAME—*Local Improvement act provides for payment of costs.* Under section 94 of the Local Improvement act as amended, (Laws of 1901, p. 117,) the costs and expenses of the proceedings under such act are required to be paid by the city, village or town out of its general fund, without regard to whether the petition is dismissed or not.

4. SAME—*city must pay taxable costs on dismissing assessment petition for opening a street.* The taxable costs of a proceeding under the Local Improvement act to take private property for opening or widening a street must be paid by the city, notwithstanding the petition is dismissed.

APPEAL from the County Court of Vermilion county; the Hon. S. MURRAY CLARK, Judge, presiding.

KEESLAR & ACTON, for appellants.

J. H. LEWMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, the city of Danville, filed in the county court of Vermilion county its petition under the act concerning local improvements, in force July 1, 1897, (Hurd's Stat. 1899, p. 362,) for the appointment of two commissioners to act with the president of the board of local improvements in fixing the compensation for private property to be taken for opening and extending a street and to assess benefits resulting therefrom. The commissioners were appointed and their compensation was fixed as provided by the act, and they reported that the appellant John Rieker, an insane person, was the owner of certain property (described in the report) to be taken for the improvement, and they fixed the compensation to be paid for the same at $1605 and assessed benefits against his property at $274. Summons was issued to the appellants, the said John Rieker, and W. F. Rieker, his conservator. They appeared and filed objections to the report, and a jury having been called, the evidence was heard and a verdict was returned, finding the just compensation for the lands of John Rieker to be taken for the improvement to be $1955 and that his lands would not be benefited in any manner by the improvement. Afterward appellee came into court and moved to dismiss its petition, whereupon appellants entered their motion that the court would make an order for the payment by appellee of the costs, expenses and reasonable attorney's fees incurred in the defense of the petition, and for the payment of all taxable costs. The court refused to hear evidence of the costs, expenses and attorney's fees paid or incurred by appellants in defense of the petition, and denied the motion. The motion of appellee was allowed and the petition dismissed, without costs.

The right to recover fees or costs rests upon statutes, and they cannot be allowed or recovered unless given by statute. (*Smith* v. *McLaughlin*, 77 Ill. 596; *Dobler* v. *Village of Warren*, 174 id. 92.) The general statute relating to costs does not provide for the payment of expenses and attorney's fees and does not include a proceeding like this, but it is contended that the provision concerning such expenses and fees in the act to provide for the exercise of eminent domain (Hurd's Stat. 1899, p. 837,) also governs the court in proceedings under the act concerning local improvements. Section 10 of the Eminent Domain act provides, that if the petitioner shall dismiss the petition before the entry of the final order, or shall fail to make payment of compensation within the time named in such order, the court shall, upon application of the defendants, or either of them, make such order for the payment by the petitioner of all costs, expenses and reasonable attorney's fees paid or incurred in defense of the petition as shall be right and just, and also for the payment of the taxable costs. We do not see how that statute can be made to apply to the Local Improvement act. The Eminent Domain act governs an entirely different class of proceedings, in which the procedure and practice are wholly different. The authority for requiring payment of costs, expenses and attorney's fees is contained in a proviso to the section providing that, upon the verdict of the jury, the court shall order that petitioner enter upon the property condemned, and the use of the same, upon payment of full compensation within a reasonable time to be fixed by the court, and if the petition is dismissed before that order is entered, or if the petitioner fails to pay the compensation within the time named in the order, the allowance shall be made. The Local Improvement act provides for making improvements by special assessment, special taxation or general taxation, to be prescribed in the ordinance providing for the improvement. Section 12 of the act provides that if

the ordinance shall require the taking or damaging of property, the proceeding for making just compensation therefor shall be as described in sections 13 to 33, inclusive, of the act. Those sections provide a complete code of procedure different from that of the Eminent Domain act. The petitioner is allowed ninety days after final judgment as to all defendants to elect whether it will dismiss the proceeding or enter judgment on the verdict. If the petitioner elects to enter the judgment, the judgment is final, whether the assessment be collected or not. The Local Improvement act regulates the entire proceeding without resort to any other act, and there is no provision in it for allowance of expenses or attorney's fees. The legislature might have provided for such allowances in case the petition should be dismissed. (*Sanitary District* v. *Bernstein,* 175 Ill. 215.) They have not done so in the act governing the proceeding, nor in any other act which can be applied to it.

We are of the opinion, however, that the statute does provide for the payment of the taxable costs by the petitioner, whether the petition is dismissed or not. Section 94 of the Local Improvement act, as amended in 1901, provides that the entire cost and expenses connected with the proceedings therein provided for, including the court costs, shall be paid by the city, village or town out of its general fund. (Laws of 1901, p. 117.) The proviso to that section is not material in this case. By its terms this statute includes the court costs, without reference to the question whether the petition is dismissed or not, and it is manifestly just, as well as in harmony with the constitution, to apply it to cases where the petition is dismissed. The constitution provides that private property shall not be taken or damaged for public use without just compensation, and the taxable costs paid or incurred by a defendant in a proceeding to ascertain the compensation are required to be paid by the petitioner as a part of the compensation. (*Chicago and Northwestern*

*Railway Co.* v. *City of Chicago*, 148 Ill. 141.) The proceeding fixes the amount to be paid before the property can be lawfully taken, and the city has a right to abandon the proceeding and does not then become liable for the compensation. (*City of Chicago* v. *Hayward*, 176 Ill. 130.) The ordinance provided for making the improvement by special assessment, and in such case the statute authorizes the petitioner, after final judgment as to the amount of damages and compensation, and also the benefits to be assessed, to elect whether it will abandon the proceeding or enter the judgment. In such a case the compensation cannot be paid except from benefits assessed, and the amount of benefits assessed may properly lead to an abandonment of the improvement. Section 94, however, provides for payment of cost of maintaining the board of local improvements, the cost of the assessment and the court costs, including the fees of commissioners in condemnation proceedings, out of the general fund, so that their payment is not dependent upon the collection of a special assessment. That section indicates an intention that the costs should be paid at all events, and that construction ought to be adopted if it reasonably can be. Where private property is taken for public use, just compensation cannot be made to the property owner if he is compelled to prosecute in the courts for his just rights at his own cost. (*Epling* v. *Dickson*, 170 Ill. 329.) The framers of the constitution did not intend the owner to pay the costs in the proceeding which results in taking his property against his will. If a city takes his property for a public improvement, it must pay the value of the property taken and his costs in the proceeding. If there is an appeal, the petitioner may deposit the amount of judgment and costs, after deducting benefits, and file a bond securing the payment of any future compensation which may be finally awarded, and the costs. It is true that if the petition is dismissed the property is not actually appropriated to the public use; but if the defendant

cannot recover his costs, the effect is to deprive him of money or property, under the power to take his property for the public use, in an attempt to do so, where the result is unsatisfactory to the petitioner. The costs in a condemnation proceeding might equal the value of the property sought to be taken and the property be sold to satisfy such costs, effectually depriving the owner of it for costs incurred in preventing its being taken without just compensation. In this case an insane person was brought into court by process of law, and in making his defense, by his conservator, was compelled to subpœna witnesses and to pay costs. The compensation had been assessed at $1605, from which $274 was to be deducted as benefits. The trial resulted in finding the just compensation to be $1955 and that there were no benefits. If the petitioner had taken the property the owner would have received its value and his taxable costs, as provided by the constitution. If the petitioner is not required to pay the taxable costs, the owner has been compelled to expend a part of the value of the property in having the compensation correctly ascertained. It would be neither just nor in accordance with the spirit of the constitution to say that the petitioner might, at its option, take the property, paying the owner the value and the costs, or compel the owner to pay the costs, representing a part of the value of the property, by refusing to take it. The statute, by its terms, requires the payment of the court costs by the petitioner, and we think it should be so construed as to require payment of taxable costs in any event, although the petitioner may elect to dismiss the proceeding. The conclusion of the county court was right except as to the taxable costs, but we think it was erroneous as to them.

The decree of the county court is reversed and the cause is remanded to that court, with directions to enter judgment against the appellee for the taxable costs of appellants.                    *Reversed and remanded.*