## TRUST CO. OF CHICAGO v. NATIONAL SURETY CORPORATION.

### No. 9865.

United States Court of Appeals
Seventh Circuit.

Oct. 24, 1949.

Rehearing Denied Dec. 14, 1949.

Weightstill Woods, Chicago, Ill., for appellant.

Louis L. Dent, George M. Weichelt, John P. Hampton, Roger D. Doten, Donald W. Nofri, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, DUFFY and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

Plaintiffs-appellants are non-residents of Illinois, Julia Cummings Sutton and Julia Corona Sutton reside in the State of New York, and William H. Sutton is a resident of Pennsylvania. They filed their complaint in the District Court of the United States for the Northern District of Illinois, Eastern Division, on April 7, 1942 against the defendant, Perry L. Hole, a resident of Illinois, asking for an accounting and the removal of Hole as trustee under certain family trusts. Federal jurisdiction was based on diversity of citizenship.

Rule 2 of the United States District Court for the Northern District of Illinois, Eastern Division, provides as follows: (a) "Every non-resident plaintiff shall file with his complaint, and every non-resident removing a case from a State Court to this Court shall file with the transcript of the record on removal, se-

curity for costs in the sum of $200 unless the Court otherwise orders."

(b) "Upon good cause shown the Court may order original or additional security to be given by any party."

(f) "By entering into a cost bond pursuant to this rule, the surety submits himself to the jurisdiction of this Court and irrevocably appoints the clerk of this Court as his agent upon whom papers affecting his liability on the bond may be served. His liability may be enforced on motion without the necessity of an independent action."

Under section (a) of this rule appellants apparently filed with their complaint a cost bond in the sum of $200.

On November 28, 1944, the defendant having been summoned and having appeared, the District Court ordered that as trustee he account to the plaintiffs for the trust involved. The Court referred the matter to a special master to take and report such account to the Court.

A year later, on December 6, 1945, the plaintiffs moved that the defendant be ordered to give bond and security in the sum of $50,000 to assure the performance of his duties as Trustee "as they have been and may be further ordered by the Court in this case."

On January 4, 1946, the Court ordered that the defendant, Perry L. Hole, file with the clerk of the Court on or before January 16, 1946, a cost bond in the usual and customary form in the amount of $4,000.

The Court further ordered that the plaintiffs file an additional cost bond in the usual and customary form in the amount of $800.

On January 9, 1946, National Surety Corporation executed a cost bond on behalf of the defendant Hole, which was filed January 16, 1946, in words and figures as follows: "National Surety Corporation enters itself security for costs in this cause, and promises to pay all costs which may accrue to the opposite party in this action, or to any of the officers of this Court; and in default of payment by the defendant of any cost ordered or adjudged to be paid by the Defendant hereby agrees and stipulates that execution may issue against its property for all costs not exceeding Four Thousand and No/100 Dollars taxed against the Defendant."

On April 26, 1948, a final decree was entered removing defendant Hole as trustee of the family trust, and appointing the Trust Company of Chicago his successor, and directing defendant Hole to turn over certain stock and to pay the sum of $31,412.61, found due on the accounting, to the successor trustee. The decree also provided: "It is also decreed and directed that Perry L. Hole shall pay forthwith the Master's fees, including $1200.00 now due, all court reporter charges and fees, and all proper court costs, and that he shall refund and pay to the plaintiffs all the court costs which the plaintiffs have advanced and laid out in this suit."

The decree of April 26, 1948 granted no recovery of attorneys or auditors fees. On April 29, 1948, counsel for the plaintiffs, by letter to the National Surety Corporation, consented to the payment of Master's fees of $1200 and that such payment be considered in diminution of the obligation of said company on its $4,000 bond. The defendant Hole did not pay the Master's fees, therefore the Surety Company paid the $1200 to the Special Master as taxed in the decree of April 26, 1948.

Nearly six months later, on October 4, 1948, an ex parte supplemental order was entered after notice to the attorneys who had represented Perry Hole up to the entry of the final decree on April 26, 1948. The notice informed said counsel that plaintiff would on September 10, 1948 present to the trial court a petition asking that an order be entered taxing the defendant with court costs amounting to $172.16 advanced by plaintiffs, and praying for the allowance of attorneys' fees to be also taxed as costs. The defendant Hole was not served with summons or copies of either notice or petition. The ex parte supplemental order entered October 4, 1948 was as follows:

"This day come the plaintiffs and their attorney, and it appearing to the court from the record and from the evidence offered, that the defendant and his attorneys have had due and timely notice of the petition and order for an answer entered September 10, 1948, and of this hearing, but now default and make no defense to the petition and order which default is upon motion of attorney for plaintiffs now ordered to be taken and entered of record. Wherefore plaintiffs ought to have and recover from the defendant, Perry L. Hole, their costs and attorney fees sustained herein by the record.

"Thereupon the court finds orders and decrees that the cash outlay costs of the plaintiffs shall be taxed against the defendant in the sum of One Hundred seventy two dollars and 16/100.

"And the court also finds orders and decrees that the plaintiffs have sustained as costs attorneys fees in the sum of fourteen thousand dollars * * * which are now taxed as additional costs against the defendant.

"Therefore it is considered by the court that the plaintiffs do have and recover from the defendant, Perry L. Hole, the sum of Fourteen Thousand one hundred Seventy-two dollars and 16/100 as their costs sustained in this cause, and that the plaintiffs shall have execution therefor against the defendant, Perry L. Hole."

Thirty days after the entry of said order the National Surety was notified of its entry, and for the first time learned that plaintiffs claimed National Surety was liable under its $4,000 cost bond, for the attorneys' fees allowed and taxed as costs in the supplemental order of October 4, 1948.

The National Surety Corporation petitioned for leave to intervene and for an extension of time to appeal from the supplemental order of October 4, 1948. Its petition and motion was taken under advisement by the Court and the matter continued until December 3, 1948.

On that day plaintiffs moved under section (f) of Rule 2 for a judgment enforcing the liability of National Surety on the cost bond. The Court thereupon denied its petition to intervene and also denied its request for an extension of time to appeal from the supplemental order of October 4, 1948.

The Court allowed plaintiffs' motion under Rule 2 and ruled that National Surety Corporation file its objections within ten days.

On January 19, 1949, the Court entered its findings of fact, which in brief form restated the facts hereinbefore set out and concluded as a matter of law that National Surety Corporation was liable to plaintiffs only for the sum of $172.16. Judgment was entered accordingly. By this appeal appellants seek to reverse that judgment. They insist that by terms of the cost bond the surety is liable for $14,172.16.

Of course it is a complete answer to say that by the very terms of the security for costs National's liability is limited to $4,000 which has been reduced because of payment of the master's fee to $2,800.

The question is, Can that remaining $2,800, due under the cost bond or any part thereof be subjected to the payment of appellants' attorneys' fees in the main suit?

Federal jurisdiction of the case depends solely on diversity of citizenship, consequently the question of liability must be determined by the law of Illinois. Erie R. Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The law of Illinois is well settled. In Patterson v. Northern Trust Co., 286 Ill. 564, 122 N.E. 55, 57, it was said: "At common law costs were never recoverable, and they can be recovered only in cases where there is statutory authority therefor. Any party claiming a judgment for his costs against his adversary must bring himself within the operation of some statutory provision, and courts have no power to adjudge costs against anyone on merely equitable grounds. It was not until a statute in England authorized a recovery for costs that they were recovered in a suit against an unsuccessful litigant. 7 R.C.L. 781; 15 Corpus Juris, 20. That

has been the law in this state from the earliest time. Adams v. Payson, 11 Ill. 26; Constant v. Matteson, 22 Ill. 546; Conwell v. McCowan, 53 Ill. 363; Chase v. DeWolf, 69 Ill. 47; Smith v. McLaughlin, 77 Ill. 596; Byers v. First Nat. Bank, 85 Ill. 423; Hutchinson v. Hutchinson, 152 Ill. 347, 38 N.E. 926; Dixon v. People, 168 Ill. 179, 48 N.E. 108, 39 L.R.A. 116; Rieker v. City of Danville, 204 Ill. 191, 68 N.E. 403; Wilson v. Clayburgh, 215 Ill. 506, 74 N.E. 799; Metropolitan Life Ins. Co. v. Kinsley, 269 Ill. 529, 109 N.E. 1011; Goudy v. Mayberry, 272 Ill. 54, 111 N.E. 526. There are statutes authorizing the taxation of solicitor's fees as costs in partition cases and in some other suits, but prior to the act of 1868 it was held that they could not be so taxed in partition suits. Wilhite v. Pearce, 47 Ill. 413; Eimer v. Eimer, 47 Ill. 373. An attorney's fees cannot be charged in the bill of costs in the absence of statutory authority. 7 R.C.L. 792."

In Ritter v. Ritter, 381 Ill. 549, it was said on page 553, 46 N.E.2d 41, on page 43:

■ "The allowance and recovery of costs rests entirely upon statutory provisions and no liability for costs exists in the absence of statutory authorization. Any party to an action, claiming the right to recover costs from his adversary, must found his right upon some provision of a statute. This has been the law in this State from the earliest time. Adams v. Payson, 11 Ill. 26; Chase v. DeWolf, 69 Ill. 47; Smith v. McLaughlin, 77 Ill. 596; Byers v. First National Bank, 85 Ill. 423; Dixon v. People, 168 Ill. 179, 48 N.E. 108, 39 L.R.A. 116; Rieker v. City of Danville, 204 Ill. 191, 68 N.E. 403; Patterson v. Northern Trust Co., 286 Ill. 564, 122 N.E. 55. A court of chancery may be vested with a power to exercise a discretion in awarding costs but the power to act must come from a statute and the discretion must be confined to that which is authorized by legislative enactment. Constant v. Matteson, 22 Ill. 546; Conwell v. McCowan, 53 Ill. 363; Hutchinson v. Hutchinson, 152 Ill. 347, 38 N.E. 926; Wilson v. Clayburgh, 215 Ill. 506, 74 N.E. 799; Metropolitan Life Ins. Co. v. Kinsley,

269 Ill. 529, 109 N.E. 1011; Goudy v. Mayberry, 272 Ill. 54, 111 N.E. 526.

■ "The rule is also well established that attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance thereof, and this rule applies equally in courts of law and in courts of equity."

■ The judgment of the District Court limiting the liability of National Surety Corporation under the security for costs to $172.16 was clearly right. It is therefore affirmed.